UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -8 P 4: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

IRVING A. BACKMAN,

Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

Defendant

CIVIL ACTION NO. 04-12488 WGY

### AFFIDAVIT OF SERVICE

I, Thomas T. Reith, do hereby state as follows:

1. I am associated with Perkins Smith & Cohen LLP, and represent the Plaintiff, Irving A. Backman ("Backman"), in the above-captioned matter. I have personal knowledge of the averments set forth herein.

2. On or about November 24, 2004, Backman initiated the above-captioned action against the Defendant, Ramzay Group of Companies ("Ramzay").

3. Ramzay is a duly organized legal entity having a principal place of business in Moscow, Russia.

4. Ilya Gordeev is the President of Ramzay. *See* **Exhibit A**.

5. Vasily Koshevoy is the Vice President, Finance, of Ramzay. *See* **Exhibit B**.

6. On December 2, 2004, I caused a cover letter and a copy of the Complaint, Civil Action Cover Sheet, Category Sheet and Summons to be served via Federal Express International, signature required, upon Ramzay via its President, Ilya Gordeev, in accordance

with Fed. R. Civ. P. 4(h)(2) and 4(f)(3). A true and accurate copy of the cover letter and corresponding Federal Express International outbound receipt to Ilya Gordeev is appended hereto as **Exhibit C**.

7. On December 2, 2004, I caused a cover letter and a copy of the Complaint, Civil Action Cover Sheet, Category Sheet and Summons to be served via Federal Express International, signature required, upon Ramzay via its Vice President, Vasily Koshevoy, in accordance with Fed. R. Civ. P. 4(h)(2) and 4(f)(3). A true and accurate copy of the cover letter and corresponding Federal Express International outbound receipt to Vasily Koshevoy is appended hereto as **Exhibit D**.

8. On December 2, 2004, I caused a cover letter and a copy of the Complaint, Civil Action Cover Sheet, Category Sheet and Summons to be served via Federal Express International, signature required, upon Ramzay via its Managing Agent, in accordance with Fed. R. Civ. P. 4(h)(2) and 4(f)(3). A true and accurate copy of the cover letter and corresponding Federal Express International outbound receipt to Ramzay's Managing Agent is appended hereto as **Exhibit E**.

9. On or about December 15, 2004, service of the three separate service packages to Ramzay -- via Ilya Gordeev, Vasily Koshevoy and Ramzay's Managing agent -- was effectuated. True and accurate copies of the Federal Express International service confirmation forms

evidencing the signor/recipient of each of those three service packages are appended hereto as **Exhibit F**.

      Signed this date, February 8th, 2005, under the pains and penalties of perjury.

                      Thomas T. Reith, BBO# 648671
                      Perkins Smith & Cohen LLP
                      One Beacon Street
                      Boston, Massachusetts 02108
                      (617) 854-4243

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 8th day of February 2005, a true and accurate copy of the above document was served upon the attorney of record for each other party via first class mail.

                      Thomas T. Reith

10221-13ServiceAff.doc

# Memorandum of Understanding and Agreement
## Between
## Irving A. Backman of Newton Massachusetts, USA
### And
## RAMZAY Group of Companies of Moscow, Russian Federation,

### Dated December 10, 2002

1. Background Information. Irving Backman (Backman) has certain contractual marketing and other rights, assigned to him by Water Works Global, Incorporated (WWGI) of Voorburg, The Netherlands, formerly known as The Phoenix Group or the Phoenix Corporation. These contractual rights relates to certain technologies, developed by (multiple worldwide patents pending) WWGI, and described as technologies for "water purification and the separation or extraction of precious metals". This technology has also been referred to as "Glow Discharge Plasma Technology" as well as "Torch Technology". These rights, assigned to Backman are fully described in an Agreement dated September 20, 2000, signed by Edward Levin, Olexandr Zayika, Vasily Bakhar and Irving Backman, which is attached hereto and made part of this Agreement. Likewise, WWGI has approved the formation of ABS Systems, Inc. (ABS) as the corporate entity that will own all the rights, previously assigned to Backman under par. 6 of the Agreement of September 20, 2000. Under the Agreement, Backman will own 60% of ABS, and WWGI will own 40%. Backman also represents that, according to the Agreement, Backman will own 60% of the marketing rights, assigned to him and WWGI will own 40%. Backman also certifies that he completed the funding of $200,000 to the WWGI, as required under p.1 and p.2 of the Agreement. Backman also owns 15% of stock of WWGI.

2. RAMZAY Group of companies (RAMZAY) is interested in acquiring Backman's marketing rights, equity in WWGI and certain other rights under the above mentioned Agreement with WWGI, and the following terms have been agreed upon for this transaction:

A. This Agreement will become effective upon the payment of $75,000 to Backman by RAMZAY, which is to be paid prior to December 23, 2002

B. Upon execution of this Agreement, RAMZAY will immediately finance acquisition of demonstration equipment from WWGI and will help organize Demonstration tests at ECS in Massachusetts and several possible locations in Florida. The budget for these demonstration tests and the tests program itself will be discussed and agreed upon by both RAMZAY and Backman. RAMZAY undertakes to fully finance these demonstrations, up to the limit of $100,000.





C. RAMZAY will assume obligation to provide ABS (company, into which marketing rights described above will be assigned into upon incorporation. RAMZAY may decide to select another name for the company, with Backman's agreement) with loans of up to $2,000,000 over the period of two years to guaranty business success. These loans will be at rate of libor plus 2 or at the US Prime Rate, whichever is less, and will be available after the successful demonstration of the technology.

D. On February 15, 2003, RAMZAY will pay Backman additional $25,000, if it looks as if the test program, scheduled for the spring of y2003 will not be delayed. Prior to February 15th, 2003, parties to this agreement will undertake to agree on the program of the Demonstration tests and method of determining what constitutes "successful or unsuccessful" tests. The demonstrations tests are expected to be carried out in the spring of y2003; once it is determined that the tests are successful, RAMZAY will then pay Backman $85,000 within 6 weeks after successful completion of the Demonstration tests, plus the prior amount $25,000 if not paid previously. In consideration of this total payment of $185,000, Backman will transfer 50% of his 60% interest (30%) his marketing rights to RAMZAY, or an affiliated company, selected by RAMZAY. Simultaneously, Backman will also transfer all of his voting rights of his remaining 30% of marketing rights to RAMZAY, so that RAMZAY will then vote its 60% to incorporate ABS and to elect officers and directors. Should RAMZAY decide not to purchase remaining Backman's interests at an end of an option, described in E. below, the voting rights for the interests not purchased from Backman or ABS, will revert back to Backman.

E. Until the next option date, which will be 9 months after the successful demonstration tests in Massachusetts and/or Florida are completed, but no later then 15 months from the signing of this agreement, RAMZAY will have an option to purchase the remaining 30% of Backman's marketing rights, still owned by Backman, or his 30% interest in ABS for the purchase price of $200,000. If and when this option is exercised, RAMZAY will then own a total of 60% of marketing rights (or ABS Systems), and Backman will own 0%.

F. If RAMZAY decides not to exercise the above option (described in E), RAMZAY will then continue own its 30% in ABS Systems, and Backman will own his 30%, and each will have voting rights to their shares of stock. However, RAMZAY will then be required to place $75,000 in escrow to satisfy the following situation: should ABS Systems be unsuccessful in its business affairs, and not able to pay the first royalty or fee payment to WWGI of $150,000 at the end of the first 12 months period as described in an Agreement between Backman and WWGI of September 20, 2000 p.6., and it is then decided by Backman or ABS to continue with business and not to lose exclusive marketing rights, the said above $75,000 will constitute RAMZAY's obligation. ABS Systems will then retain its exclusive marketing rights for an additional 12 months period by making payment of $150,000 to WWGI.

G. RAMZAY will also have an option to purchase Backman's 15% equity interest in WWGI, according to the following schedule:



1). Option 1 – Option to purchase 1/3 of Backman's 15% interest (or 5%) in WWGI within 1 year from the date of signing of this agreement for the price of $125,000

2). Option 2 – Option to purchase remaining 10% equity interest in WWGI within 2 years from the date of signing of this agreement for the purchase price of $400,000

It should be noted that under the September 20, 2000 Agreement, under Par. 9, Backman's equity interests may proportionately be diluted together with other Shareholders equity interest in WWGI. In such an event, the above option will only be applicable to Backman's diluted equity interests.

**H.** During any of the option periods, including option period to purchase marketing rights or equity, Backman will be prohibited from selling, or offering for sale, or otherwise issue rights or shares, described in this agreement. In case of an untimely demise of Mr. Backman, his estate will assume the same obligations toward RAMZAY, and RAMZAY will have the same obligations to the Estate of I. Backman as if Backman was alive. In the event any of the RAMZAY's options are not exercised by RAMZAY within the option period, Backman will have full option rights will revert back to Backman without any restriction.

**I.** It is possible that Backman may acquire an additional 8% to 10% equity interest in WWGI under paragraph 3 of the September 20, 2000 Agreement through the investments or funding of J. Dorfman or Teklink or their affiliates. So, if Backman does acquire this additional stock interest, RAMZAY will have an option to purchase, within two years from the date of this agreement, 8% interest for the purchase price of $320,000, or 10% interest for the purchase price of $400,000. Other then the above situation, RAMZAY will stand in place of Backman (RAMZAY will be entitled to whatever rights Backman has for additional stock under p. 3 of the Agreement of September 20, 2002)

**J.** According to the Agreement between Backman and WWGI, Backman will own rights to a certain royalty payments, described as 4% royalty on all WWGI sales. RAMZAY will have an option to purchase this royalty rights from Backman by paying him $1,000,000 for 50% of the royalty rights (2%) or $2,000,000 for 100% of the royalty rights (4%). This option can be exercised within a 2 year period after the signing of this Agreement.

**K.** 30 days after the successful completion of the demonstration tests in Massachusetts and/or Florida, ABS will start paying a consulting fee of $1,500 per month to Backman for the period of up to 7 years, provided he is available for reasonable consultations at his offices or by telephone. In the event his health or other unforeseen events, including disability or death, prevent him from providing such consulting services, the above fee of $1,500 monthly shall be paid by ABS for a total period of 5 years.

3. In the event questions arise as to the length or any extension of the demonstration tests and additional costs, or any other subject mater, I. Backman and RAMZAY will strive to

resolve such questions among themselves, each relying on the good faith dealings of the other.

4. This Agreement, dated December 10, 2002 is a Massachusetts Agreement, and is subject to and enforceable in the courts of Massachusetts and a telefax transmission of this Agreement shall be legal and binding upon all parties that are part of this Agreement. All references to dollars in this Agreement refer to US dollars.

Agreed to by:

The RAMZAY Group of Companies

_____
Ilya Gordeév, President

_____
Irving A. Backman

# RAMZAY GROUP OF COMPANIES
## MICHAYLOVSKIY PROYEZD 3
## MOSCOW, RUSSIAN FEDERATION

IRVING A. BACKMAN AND ASSOCIATES
35 WENDELL ROAD
NEWTON, MA 02459 USA

June 6, 2003

Dear Irving,

This letter is to be viewed as confirmation that RAMZAY GROUP OF COMPANIES has reviewed all currently available information on the results of demonstration tests, performed in AGAWAM, MA in April 2003 by Water Works Global, Inc, and find them satisfactory. Thus, RAMZAY is prepared to complete next milestone of our Agreement of December 10th, 2002 by paying you $85,000 within next 6 weeks. Kindly arrange for Water Works Global's consent to transfer agreed upon marketing rights, being acquired by RAMZAY into TECHWATER, INC at your earliest convenience, so that we can complete the above wire transfer.

Thank you very much,


Vasily Koshevoy,
VP Finances, RAMZAY



Perkins Smith & Cohen LLP
Attorneys at Law

**Thomas T. Reith**
617-854-4243
TReith@pscboston.com

December 2, 2004

**VIA INTERNATIONAL MAIL**

Ilya Gordeev, President
Ramzay Group of Companies
Michaylovskiy Proyezd 3
Moscow, Russian Federation

    Re:   *Backman v. Ramzay Group of Companies,*
           <u>United States District Court of Massachusetts, C.A. No. 04-12488 WGY</u>

Dear Mr. Gordeev:

    Enclosed in connection with the above-referenced matter please find copies of the following:

1. Complaint;
2. Civil Action Cover Sheet;
3. Summons as to Defendant Ramzay Group of Companies; and
4. Category Sheet.

    Please contact me upon your receipt of this correspondence.

                      Very truly yours,

                      Thomas T. Reith

:TTR
Enclosures
cc:   Mr. Irving A. Backman (via first class mail, w/ enclosures)
      Lawrence G. Green, Esq. (w/o enclosures)
10221-13SERVICELETTER.doc

[FedEx International Air Waybill]

FedEx Tracking Number: 8091 0040 5049
Form ID No. 0400

**1 From** (please print and press hard)
Date: 12/2/04
Sender's FedEx Account Number: 0021-1477-1
Sender's Name: Thomas T. Reith, Esq.
Phone: 617-854-4000
Company: PERKINS SMITH & COHEN LLP
Address: 1 BEACON ST 30TH FL
City: BOSTON
State/Province: MA
ZIP/Postal Code: 02108
Country: US

**2 Your Internal Billing Reference Information**
10221-13

**3 To** (please print and press hard)
Recipient's Name: Ilya Gordeev President
Company: Ramzay Group of Companies
Address: Michaylovskiy Proyezd 3
City: Moscow
Country: Russian Federation

**4 Shipment Information**
Total Packages: 1
Documents

**5 Broker Selection**
Broker's Name:

**6 Service**
X FedEx Intl First

**7 Packaging**
X FedEx Letter

**8 Special Handling**
X No

**9a Payment - TRANSPORTATION CHARGES PAID BY:**
X Sender
FedEx Account No.:

**9b Payment - DUTIES AND TAXES PAID BY:**
X Sender

**10 Required Signature**
Date Executed: 12/2/04

For Assistance Call (800)247-4747

8091 0040 5049



Perkins Smith & Cohen LLP
Attorneys at Law

**Thomas T. Reith**
617-854-4243
TReith@pscboston.com

December 2, 2004

**VIA INTERNATIONAL MAIL**

Vasily Koshevoy, Vice President, Finances
Ramzay Group of Companies
Michaylovskiy Proyezd 3
Moscow, Russian Federation

    Re:    *Backman v. Ramzay Group of Companies*,
               United States District Court of Massachusetts, C.A. No. 04-12488 WGY

Dear Mr. Koshevoy:

    Enclosed in connection with the above-referenced matter please find copies of the following:

1. Complaint;
2. Civil Action Cover Sheet;
3. Summons as to Defendant Ramzay Group of Companies; and
4. Category Sheet.

    Please contact me upon your receipt of this correspondence.

                                                    Very truly yours,

                                                    Thomas T. Reith

:TTR
Enclosures
cc:    Mr. Irving A. Backman (via first class mail, w/ enclosures)
        Lawrence G. Green, Esq. (w/o enclosures)
10221-13SERVICELETTER#2.doc

One Beacon Street, 30th Floor, Boston, MA 02108-3106   Tel 617.854.4000   Fax 617.854.4040

Boston, MA   Providence, RI   Washington, DC   www.pscboston.com

**1 From** (please print and press hard)

Date: 12/2/04

Sender's FedEx Account Number: 0021-1477-1

Sender's Name: Thomas T. Reith, Esq.     Phone: 617-854-4000

Company: PERKINS SMITH & COHEN LLP

Address: 1 BEACON ST 30TH FL                                      Dept./Floor:

City: BOSTON     State: MA     ZIP: 02108

Country: US

**2 Your Internal Billing Reference Information** (optional) (First 24 characters will appear on invoice)

**3 To** (please print and press hard)

Recipient's Name: Vasily Koshevoy, VP Finance     Phone:

Company: Ramzay Group of Companies

Address: Michaylovskiy Proyezd 3                                   Dept./Floor:

City: Moscow     State/Province:     ZIP/Postal Code: 10221-13

Country: Russian Federation

Recipient's Tax I.D. number for Customs purposes (e.g. GST/RFC/VAT or as locally required)

☐ For HOLD at FedEx Location check here
☐ For Saturday Delivery check here

**4 Shipment Information**

| Total Packages | Total Weight | | Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|---|---|---|
| | ☐ lbs  ☐ kgs | ☐ DIM Weight | Documents | | | 0 |
| | | ☐ lbs  ☐ kgs | | | | |

Total Value For Customs: 0

Specify Currency:

Value For Carriage / Total Declared:

**5 Broker Selection**  Not available to all destinations

☐ International Broker Select

Broker's Name:     Phone:

City/State/Province/Country:

ZIP/Postal Code:

**6 Service**  Not all services available to all destinations

☒ FedEx Intl. First (Postal code required) / Higher rates apply.     ☐ FedEx Intl. Priority
☐ FedEx Intl. Economy (FedEx Letter/Pak rate not available)

**7 Packaging**

☐ FedEx Letter    ☐ FedEx Pak    ☐ Other Packaging

**8 Special Handling**  Not all options available to all destinations

Does this shipment contain dangerous goods? (One box must be checked.)

☒ No
☐ Yes (As per attached Shipper's Declaration)
☐ Yes (Shipper's Declaration not required)
☐ Cargo Aircraft Only
☐ Dry Ice  Dry Ice, 9, UN 1845 ___ kg

**9a Payment — TRANSPORTATION CHARGES PAID BY:**

☒ Sender     ☐ Recipient     ☐ Third Party     ☐ Credit Card     ☐ Cash/Check

FedEx Account No. / Credit Card No.:

**9b Payment — DUTIES AND TAXES PAID BY:**

☒ Sender     ☐ Recipient     ☐ Third Party

FedEx Account No.:
Credit Card No.:

**10 Required Signature**



Date: 12/2/04

FedEx Courier Receipt (For Letter of Credit shipments only)

FedEx Tracking Number: 8091 0040 5038

For Assistance Call (800)247-4747



FedEx International Air Waybill

Non-Negotiable International Air Waybill
PART 153071
Rev. Date 7/98
©1994-98 Federal Express Corporation
PRINTED IN U.S.A.

326   0400   98 SRC

RETAIN THIS COPY FOR YOUR RECORDS



Perkins Smith & Cohen LLP
Attorneys at Law

**Thomas T. Reith**
617-854-4243
TReith@pscboston.com

December 2, 2004

**VIA INTERNATIONAL MAIL**

Managing Agent
Ramzay Group of Companies
Michaylovskiy Proyezd 3
Moscow, Russian Federation

    Re:    *Backman v. Ramzay Group of Companies,*
             United States District Court of Massachusetts, C.A. No. 04-12488 WGY

Dear Sir or Madam:

    Enclosed in connection with the above-referenced matter please find copies of the following:

    1.    Complaint;
    2.    Civil Action Cover Sheet;
    3.    Summons as to Defendant Ramzay Group of Companies; and
    4.    Category Sheet.

    Please contact me upon your receipt of this correspondence.

                          Very truly yours,

                          Thomas T. Reith

:TTR
Enclosures
cc:    Mr. Irving A. Backman (via first class mail, w/ enclosures)
       Lawrence G. Green, Esq. (w/o enclosures)
10221-13SERVICELETTER#3.doc

RETAIN THIS COPY FOR YOUR RECORDS

# FedEx International Air Waybill

Sender's Copy

/0003/0075/002785378J/2

**1 From** Please print and press hard

Date 12/2/04    Sender's FedEx Account Number 0021-1477-1

Sender's Name: Thomas T. Reith, Esq.    Phone 617 854-4214

Company: PERKINS SMITH & COHEN LLP

Address: 1 BEACON ST FL 30

City: BOSTON    State/Province: MA    Country: USA    ZIP/Postal Code: 02108-3107

**2 To**

Recipient's Name: Managing Agent

Company: Ramzay Group of Companies

Address: Michaylovskiy Proyezd 3

City: Moscow    Country: Russian Federation

**3 Shipment Information**

Commodity Description: Documents

Value for Customs: 0.00

Total Value for Customs: 0.00

**4 Express Package Service**

[X] FedEx Int'l Priority

**5 Packaging**

[X] FedEx Envelope

**6 Special Handling**

**7a Payment** Bill transportation charges to:
[X] Sender

**7b Payment** Bill duties and taxes to:
[X] Sender

**8 Your Internal Billing Reference** 10221-13

**9 Required Signature**

FedEx Tracking Number: 8471 2045 5414

Form ID No. 500

0402

FedEx Express U.S. Mail: PO Box 727 Telephone 901-369-3600
Customer Support Memphis, TN 38194-4643
Domestic Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116



February 03, 2005

DAN
(617) 854-4040

Dear DAN:

Our records reflect the following delivery information for the shipment with the tracking number 809100405049. The information is incomplete and we regret the inconvenience this may cause. However, as stated in the FedEx Service Guide, we assume no liability for our inability to provide a copy of the delivery record.

Delivery Information:

  Signed For By:  .LUSEVA

  Delivered to:

  Delivery Date:  December 15, 2004

  Delivery Time:  12:24 PM

        Shipping Information:

Shipment Reference Information: 10221-13

| | | | |
|---|---|---|---|
| Tracking No: | 809100405049 | Ship Date: | December 02, 2004 |
| Shipper: | THOMAS T KEITH ESQ<br>PERKINS SMITH COHEN LLP<br>1 BEACON ST FL 30<br>1 BEACON ST FL 30<br>BOSTON, MA 021083107<br>US | Recipient: | IIYA GORDESV PRESIDENT<br>RAMZAY GROUP OF<br>COMPANIES<br>MICHAYLOVSKIY PROYEZD 3<br>MOSCOW, 367<br>RU |

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx (1-800-463-3339)
Reference No: R2005020300185848790

This Information is provided subject to the FedEx Service Guide.

FedEx Express  U.S. Mail: PO Box 727  Telephone 901-369-3600
Customer Support  Memphis, TN 38194-4643
Domestic Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116



February 03, 2005

DAN
(617) 854-4040

Dear DAN:

Our records reflect the following delivery information for the shipment with the tracking number 809100405038. The information is incomplete and we regret the inconvenience this may cause. However, as stated in the FedEx Service Guide, we assume no liability for our inability to provide a copy of the delivery record.

Delivery Information:

Signed For By:   .LUSEVA

Delivered to:

Delivery Date:   December 15, 2004

Delivery Time:   12:24 PM

Shipping Information:

Shipment Reference Information: 10221-13

Tracking No:   809100405038          Ship Date:   December 02, 2004

Shipper:   THOMAS T REITH ESQ           Recipient:   VASILY KOSHEVOV VP
           PERKINS SMITH  COHEN LLP                  FINANCES
           1 BEACON ST FL 30                         RAMZAY GROUP OF
           1 BEACON ST FL 30                         COMPANIES
           BOSTON, MA 021083107                      MICHAYLOVSKIY PROVEZD 3
           US                                        MOSCOW, 367
                                                    RU

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx (1-800-463-3339)
Reference No: R2005020300180812562

This Information is provided subject to the FedEx Service Guide.

Case 1:04-cv-12488-WGY    Document 3-7    Filed 02/08/2005    Page 4 of 5

FedEx Express     U.S. Mail: PO Box 727     Telephone 901-369-3600
Customer Support     Memphis, TN 38194-4643
Domestic Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116



February 03, 2005

DAN
(617) 854-4040

Dear DAN:

Our records reflect the following delivery information for the shipment with the tracking number 847120455414. The information is incomplete and we regret the inconvenience this may cause. However, as stated in the FedEx Service Guide, we assume no liability for our inability to provide a copy of the delivery record.

Delivery Information:

  Signed For By:    .LUSEVA

  Delivered to:

  Delivery Date:    December 15, 2004

  Delivery Time:    12:24 PM

                 Shipping Information:

Shipment Reference Information: 10221 13

| | | | |
|---|---|---|---|
| Tracking No: | 847120455414 | Ship Date: | December 02, 2004 |
| Shipper: | THOMAS T. REITH, ESQ<br>PERKINS SMITH & COHEN LLP<br>1 BEACON ST FL 30<br>1 BEACON ST FL 30<br>BOSTON, MA 021083107<br>US | Recipient: | MANAGING AGENTS<br>RAMZAY GROUP OF COMPANIES<br>MICHAYLOVSKLY PROYEZD 3<br>MOSCOW, 367<br>RU |

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx (1-800-463-3339)
Reference No: R2005020300177439441

This Information is provided subject to the FedEx Service Guide.