UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

    Plaintiff

V.                                          CIVIL ACTION NO. 04-12488 WGY

RAMZAY GROUP OF COMPANIES,

    Defendant

## PLAINTIFF'S RULE 16.1 STATEMENT

Pursuant to Fed. R. Civ. P. 16(b), Local Rule 16.1(B) and (D) and this Court's March 8, 2005 Notice of Scheduling Conference, Plaintiff/Defendant-in-Counterclaim Irving A. Backman ("Backman") hereby files this Statement[1]:

**I.    Agenda for April 11, 2005 Scheduling Conference**

    A.    Presentation of the parties' respective positions as to the claims made and defenses raised

    B.    Presentation of the parties' respective positions as to submitting the present matter to a magistrate judge

    C.    Discussion concerning scheduling

    D.    Discussion concerning settlement negotiations

**II.** **Concise Summary of Backman's Positions**

    A.    Backman's affirmative claims

At all times relevant hereto, Backman was the owner of certain marketing rights ("Marketing Rights") in connection with a technology known as "Glow Discharge Plasma Technology" (the "Technology") and of equity ("Equity") in Water Works Global, Inc. ("WWG"), which was incorporated for purposes of developing and marketing the Technology. On or about December 10, 2002, the parties entered into a "Memorandum of Understanding and Agreement" (the "2002 Agreement"), whereby Backman agreed to, among other things, grant Ramzay the option to purchase certain Marketing Rights and Equity in consideration for, among other things, Ramzay's payment of specified monies and financing in connection with Technology marketing. Backman satisfied his obligations under the 2002 Agreement. Ramzay, however, repudiated the 2002 Agreement in the summer of 2003 and failed to make substantial payments of monies to Backman and to finance Technology marketing endeavors required under the 2002 Agreement.

    B.    Backman's response to Ramzay's counterclaim

Backman denies that he made any misrepresentations to Ramzay concerning the Technology. Backman further denies that Backman induced Ramzay, fraudulently or otherwise, into entering the 2002 Agreement. In addition, Backman denies that he breached the 2002 Agreement. More specifically, Backman denies that he breached the 2002 Agreement by failing to: 1) transfer his rights and information pertaining to the Technology; or 2) repay or reimburse Ramzay for sums it purportedly expended in connection with the 2002 Agreement.

**III.** **Proposed Pretrial Schedule**

    A.    Exchange of Fed. R. Civ. P. 26(a) disclosures:   April 4, 2005

    B.    Discovery:

        (i.)    Interrogatories, Requests to Admit,
                  Request for Production served by:   July 11, 2005

        (ii.)   Depositions conducted by:   September 12, 2005

---

[1] The Defendant/Plaintiff-in-Counterclaim, Ramzay Group of Companies ("Ramzay") did not respond to Backman's proposed scheduling or Joint Rule 16.1 statement within the time required under Local Rule 16.1(D) for this pleading to be filed jointly with the Court.

2

  C.  Expert Discovery:

    (i.)  Expert Reports exchanged by:  October 12, 2005

    (ii.)  Expert Depositions conducted by:  November 14, 2005

  D.  Dispositive motions filed by:  December 14, 2005

  E.  Joint pre-trial memorandum filed:  February 14, 2005

**IV. Settlement**

Backman has presented his Local Rule 16.1(C) proposal to Ramzay. Ramzay has not yet responded to same. Ramzay has not yet submitted its Local Rule 16.1(C) proposal to Backman.

**V. Local Rule 16.1(D)(3) Certifications**

Backman has filed his Local Rule 16.1(D)(3) certification separately.

           Respectfully submitted,

           IRVING A. BACKMAN,
           By his attorneys,

           /s/ Thomas T. Reith
           Lawrence G. Green, BBO #209060
           Thomas T. Reith, BBO #648671
           PERKINS, SMITH & COHEN, LLP
           One Beacon Street, 30th Floor
           Boston, Massachusetts 02108
           Telephone: (617) 854-4000

Dates: April 4, 2005