UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

    Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

    Defendant

CIVIL ACTION NO. 04-12488 WGY

**JOINT RULE 16.1 STATEMENT**

Pursuant to Fed. R. Civ. P. 16(b), Local Rule 16.1(B) and (D) and this Court's March 8, 2005 Notice of Scheduling Conference, Plaintiff/Defendant-in-Counterclaim Irving A. Backman ("Backman") and Defendant/Plaintiff-in-Counterclaim Ramzay Group of Companies ("Ramzay") have conferred and hereby file this Joint Statement:

**I.**     **Agenda for April 11, 2005 Scheduling Conference**

    A.     Presentation of the parties' respective positions as to the claims made and defenses raised

    B.     Presentation of the parties' respective positions as to submitting the present matter to a magistrate judge

    C.     Discussion concerning scheduling

    D.     Discussion concerning settlement negotiations

**II.**     **Concise Summary of the Parties' Respective Positions**

    A.     Backman's position statements:

        (i.)     Backman's affirmative claims

At all times relevant hereto, Backman was the owner of certain marketing rights ("Marketing Rights") in connection with a technology known as "Glow Discharge Plasma Technology" (the "Technology") and of equity ("Equity") in Water Works Global, Inc. ("WWG"), which was incorporated for purposes of developing and marketing the Technology. On or about December 10, 2002, the parties entered into a "Memorandum of Understanding and Agreement" (the "2002 Agreement"), whereby Backman agreed to, among other things, grant Ramzay the option to purchase certain Marketing Rights and Equity in consideration for, among other things, Ramzay's payment of specified monies and financing in connection with Technology marketing. Backman satisfied his obligations under the 2002 Agreement. Ramzay, however, repudiated the 2002 Agreement in the summer of 2003 and failed to make substantial payments of monies to Backman and to finance Technology marketing endeavors required under the 2002 Agreement.

        (ii.)     Backman's response to Ramzay's counterclaim

Backman denies that he made any misrepresentations to Ramzay concerning the Technology. Backman further denies that Backman induced Ramzay, fraudulently or otherwise, into entering the 2002 Agreement. In addition, Backman denies that he breached the 2002 Agreement. More specifically, Backman denies that he breached the 2002 Agreement by failing to: 1) transfer his rights and information pertaining to the Technology; or 2) repay or reimburse Ramzay for sums it purportedly expended in connection with the 2002 Agreement.

    B.     Ramzay's position statements:

        (i.)     Ramzay agrees that the parties entered into an agreement dated December 10, 2002 which granted the Ramzay the right to purchase certain of Backman's marketing rights in the Technology. In addition, Ramzay, in accordance with the Agreement, paid for the Technology to be tested. Ramzay offered to pay the balance then due under the Agreement to Backman once satisfied with the results of the testing. Backman however, breached the agreement by failing to accept the funds and to transfer his rights in the marketing of the Technology.

        (ii.)     It is Ramzay's further position, as stated in its First Amended Counterclaim to be filed with this Court, that Backman unlawfully interfered with

and blocked Ramzay from supplying WWG with funds needed to obtain certain critical patent rights in the Technology. By his unlawful conduct, Ramzay contends that it lost millions of dollars of revenues it would have realized by owning an interest in the critical patents on the Technology.

**III.     Proposed Pretrial Schedule**

    A.    Exchange of Fed. R. Civ. P. 26(a) disclosures:     April 4, 2005

        The parties are in agreement as to this date.

    B.    Discovery:

        (i.)    Interrogatories, Requests to Admit, Request for Production served by:     July 11, 2005

        The parties are in agreement as to this date.

        (ii.)    Depositions conducted by:     September 12, 2005

        The parties are in agreement as to this date.

    C.    Expert Discovery:

        (i.)    Expert Reports exchanged by:     October 12, 2005

        The parties are in agreement as to this date.

        (ii.)    Expert Depositions conducted by:     November 14, 2005

        The parties are in agreement as to this date.

    D.    Dispositive motions filed by:     December 14, 2005

        The parties are in agreement as to this date.

    E.    Joint pre-trial memorandum filed:     February 14, 2005

        The parties are in agreement as to this date.

**IV.    Settlement**

The parties have conferred regarding the issue of settlement. They currently remain unable to reach agreement.

**V.    Local Rule 16.1(D)(3) Certifications**

Local Rule 16.1(D)(3) certifications are being filed separately by the parties.

Respectfully submitted,

| | |
|---|---|
| IRVING A. BACKMAN, | RAMZAY GROUP OF COMPANIES, |
| By his attorneys, | By its attorneys, |
| | |
| /s/ Thomas T. Reith | /s/ Howard E. Stempler [by permission] |
| Lawrence G. Green, BBO #209060 | John M. Goggins, BBO #631254 |
| Thomas T. Reith, BBO #648671 | Howard E. Stempler, BBO #547197 |
| PERKINS, SMITH & COHEN, LLP | FISCHER, STEMPLER, FISCHER & GOGGINS |
| One Beacon Street, 30th Floor | 47 Harvard Street |
| Boston, Massachusetts 02108 | Worcester, Massachusetts 01609 |
| Telephone: (617) 854-4000 | Telephone: (508) 791-3466 |

Dates:  April 8, 2005

10221-13-JointMemoFinal.doc