UNITED STATES DISTRICT COURT

EASTERN DIVISION                    DISTRICT OF MASSACHUSETTS
                                    CIVIL ACTION NO. 04-12488WGY

| | |
|---|---|
| IRVING BACKMAN, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | **DEFENDANT'S AUTOMATIC** |
| ) | **DISCLOSURES** |
| RAMZAY GROUP OF COMPANIES, ) | |
|     Defendant ) | |

    In accordance with Fed. R. Civ.P. 26(a)(1) of the Federal Rules of Civil Procedure and Rule 26.2(A) of the Local Rules of the United States District Court for the District of Massachusetts, Ramzay Group of Companies provides the following automatic disclosures.

A. THOSE PERSONS KNOWN TO THE DEFENDANT WHO WITNESSED THE TRANSACTION OR OCCURRENCE GIVING RISE TO THE CLAIM OR OTHERWISE IS KNOWN OR BELIEVED TO HAVE SUBSTANTIAL DISCOVERABLE INFORMATION ABOUT THE CLAIMS OR DEFENSES AND A BRIEF SUMMARY OF THE INFORMATION.

1. Ilya Gordeev, (President of Ramzay), Michayloviskiy Proyezd 3, Moscow, Russian Federation: knowledge of facts alleged in Complaint and Counterclaim.
2. Visily Koshevoy, (Vice President, Finance, of Ramzay), Michaylovskiy Proyezd 3, Moscow, Russian Federation: knowledge of facts alleged in Complaint and Counterclaim.
3. Edwin Levin, (Member of the Phoenix Group; President of Techwater Incorporated; Officer of Water Works Global, Inc.; Agent of Ramzay), 2132 Homestead Blvd., Westboro, MA 01581 (508) 439-0525; knowledge of facts alleged in Complaint and Counterclaim.
4. Olexandr (a.k.a. Alexander Zayika, (Member of the Phoenix Group), Dnepropetrovsk, Ukraine: knowledge of facts alleged in Complaint and Counterclaim.
5. Vasily Bakhar, (Member of the Phoenix Group, President of Water Works Global, Inc.), Dansigt Straat 48, 2272XS Voorburj, The Netherlands, (7-095-788-09-49): knowledge of facts alleged in Complaint and Counterclaim.
6. Irving A. Backman, 35 Wendell Road, Newton Centre, MA 02459-2650, (617) 969-2650: Plaintiff in the initial matter

and may have knowledge of the defenses raised in Backman's Answer ("Answer") to Defendant Ramzay Group of Companies ("Ramzay") Counterclaim.

Ramzay reserves the right to supplement these lists as additional persons are identified.

B. STATEMENTS REGARDING THE SUBJECT MATTER OF THE CLAIMS OR DEFENSES FROM ALL OPPOSING PARTIES, ITS OFFICERS, DIRECTORS AND EMPLOYEES.

None.

C. A COPY OF OR A DESCRIPTION BY CATEGORY AND LOCATION OF, ALL DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE POSSESSION, CUSTODY OR CONTROL OF THE PARTY AND THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT.

1. The agreements, memorandum, and amendments to the agreements all of which were attached to Plaintiff's Complaint.
2. Extensive e-mail correspondence by and between the parties, their agents, servants and employees and relevant third parties. Said correspondence, which is now in Defendant's possession, will be produced in connection with its response to Plaintiff's request for production of documents.
3. Reports concerning "Glow Discharge Plasma Technologies" and related technology matters, created and maintained during the relevant time period.

The documents listed in Number 2 above are in the possession of Ramzay's counsel's office, Fisher, Stempler, Fisher & Goggins, 47 Harvard Street, Worcester, MA 01609

Ramzay reserves the right to supplement this list.

D. A COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY, MAKING AVAILABLE FOR INSPECTION AND COPYING AS UNDER TULE 34 THE DOCUMETNS OR OTHER EVIDENTIARY MATERIAL, NOT PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH SUCH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED.

Ramzay has sustained damages as follows:

1. $54,000.00 paid by Ramzay for testing the technology;

Ramzay has sustained damages as follows:

1. $54,000.00 paid by Ramzay for testing the technology;
2. $30,000.00-$50,000.00 paid by Ramzay to Ed Levin;
3. $100,000.00 paid by Ramzay to Backman as part of the initial Agreement;
4. Expectation of profits for use and marketing of the technology of at least $3,000,000.00. This approximate amount will be detailed further during the course of discovery.

The above amounts are exclusive of interest and attorneys fees.

E. EXPERT WITNESSES.

Ramzay has not yet identified any expert witness but reserves the right to do so under the Federal Rules of Civil Procedure and the Local Rules. If and when such expert is retained, this response will be seasonably updated.

F. CONTINUING DISCLOSURE OBLIGATION.

Ramzay recognizes an obligation under Rule 26(a) of the Federal Rules of Civil Procedure for continued disclosure throughout this case.

                    Ramzay Group of Companies,
                    By their Attorneys,

                    Howard E. Stempler
                    John M. Goggins
                    Fisher, Stempler, Fisher & Goggins
                    47 Harvard Street
                    Worcester, MA 01609
                    (508) 791-3466

Dated: June 3, 2005

## CERTIFCATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class, U.S. Mail and facsimile.

*Howard E. Stempler*

Dated: June 3, 2005