UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

     Plaintiff

V.

                           CIVIL ACTION NO. 04-12488 WGY

RAMZAY GROUP OF COMPANIES,

     Defendant

## PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

The Plaintiff, Irving A. Backman, hereby moves pursuant to L.R. 34.1 and 37.1 for issuance of an order to compel the Defendant, Ramzay Group of Companies ("Defendant") to serve a formal response to Plaintiff's First Request for Production of Documents, and to produce the documents requested therein, within 10 days of the entry of such order. As grounds for the present motion, Backman states as follows:

1.      On May 2, 2005, Backman served his First Request for Production of Documents Directed to Defendant Ramzay Group of Companies ("Document Request") upon Defendant. *See* Exhibit A.

2.      With three days allowed for mailing under Fed.R.Civ.P.6(e), Defendant's responses to the Document Requests were due on June 6, 2005.[1]

3.      On May 31, 2005, Defendant's counsel contacted Backman's counsel and requested an extension within which to respond to the Document Requests.[2]

---

[1] Defendant's response technically became due June 4, 2005, a Saturday. By operation of Fed.R.Civ.P. 6(a), however, the response actually became due the next business day, Monday, June 6, 2005.

[2] Despite agreeing to do so by April 4, 2005 via the parties' Joint L.R. 16.1 Statement, Defendant had not yet produced its initial disclosures as of its May 31, 2005 request for an extension.

4.      On June 2, 2005, Backman's counsel contacted Defendant's counsel concerning the requested extension, and to conduct a L.R. 37.1 discovery conference.   During that conference, Backman's counsel informed Defendant's counsel, among other things, that: a) that Backman agreed to a one-week extension, until June 13, 2005, within which Defendant was to produce its response to the Document Production; and b) should Defendant wish more time to respond, it would have to move for leave of court to extend its discovery response period, or face a motion to compel.[3]

5.      As a result of the discovery conference, Defendant's counsel agreed to produce Defendant's response to the Document Request by June 13, 2005.[4]  *See* Exhibit B.

6.      To date, Defendant has failed to provide any response or documents pursuant to the Document Request, or to move for leave of court to extend its discovery response period.

WHEREFORE, Backman respectfully requests that this Court grant his Motion to Compel the Production of Documents.

Respectfully submitted,
IRVING A. BACKMAN,
By his attorneys,


/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
Dated: June 17, 2005                                        (617) 854-4000

---

[3] Although not specifically relevant to this motion, Plaintiff's counsel also required that Defendant produce its initial disclosures by June 3, 2005 and its answers to interrogatories by June 13, 2005.
[4] Also as a result of the discovery conference, Defendant's counsel  agreed to produce the Defendant's initial disclosures by June 3, 2005 and its answers to interrogatories by June 13, 2005.

## **LOCAL RULE 37.1 CERTIFICATE**

I, Thomas T. Reith, hereby certify that the provisions of L.R. 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issue in question and that it is necessary for the Plaintiff, Irving A. Backman, to file his Motion to Compel the Production of Documents.  In this regard, I conducted a discovery conference as more fully set forth in Paragraphs 3-5 above, and that the conversations concerning the discovery issue in question were shorter than 10 minutes apiece; longer discussions were unnecessary since the issue at bar is simple -- Defendant must provide a proper discovery response, agreed to do so, yet failed to do so.

/s/ Thomas T. Reith

## **CERTIFICATE OF SERVICE**

I, Thomas T. Reith, hereby certify that on this 17th day of June 2005, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

IRVING A. BACKMAN,

      Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

      Defendant

CIVIL ACTION NO. 04-12488 WGY

---

## PLAINTIFF IRVING BACKMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT RAMZAY GROUP OF COMPANIES

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Irving Backman hereby requests that Defendant Ramzay Group of Companies produce for inspection and copying at the offices of Perkins, Smith & Cohen, LLP, One Beacon Street, Boston, Massachusetts, the documents and things described below within thirty (30) days of service of this request and serve therewith a formal response to this request.

### Definitions

The following definitions apply to this document request:

1.    The terms "document" and "documents" are used herein in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean any and all tangible things and documents, whether handwritten, typed, printed, or otherwise produced, including but not limited to, blueprints, drawings, letters, cables, wires, memoranda, inter-office communications, e-mail, reports, notes, recordings, photographs, contracts, agreements, other official documents and legal instruments, notebooks, vouchers, ledgers, bills, books, financial records, checks, receipts, files, drafts, claims, manuals, investigations and studies, and any machine-readable records whether punched, carded, taped, or coded electronically, electromagnetically or otherwise, including copies or reproductions of any of the foregoing items upon which written notations have been made which do not appear on the originals.

2.   "Communication" is used in the broadest sense contemplated by the Federal
     Rules of Civil Procedure and includes every manner of transmitting or receiving
     information (in the form of facts, ideas, inquiries, opinions, or thoughts)
     regardless of form, sender, or recipient.

3.   The term "concerning" means referring to, describing, evidencing or constituting.

4.   The terms "and" and "or" shall be construed conjunctively or disjunctively as
     necessary to make the requests inclusive rather than exclusive. The use of the
     word "including" shall be construed to mean "without limitation."

5.   The term "person" means any natural person, partnership, corporation trust, or
     other form of legal entity.

6.   The term "Backman" shall refer to Plaintiff Irving A. Backman.

7.   The term "Levin" shall refer to Edward Levin.

8.   The term "Ramzay " shall refer to:

     a.   Ramzay Group of Companies;

     b.   any and all parents, subsidiaries, divisions, departments, affiliates and
          merged and acquired predecessors and successors of the foregoing; and

     c.   the present and former directors, officers, agents, employees, and
          attorneys of the foregoing.

9.   The term "WWG" shall refer to:

     a.   Water Works Global, Inc.;

     b.   any and all parents, subsidiaries, divisions, departments, affiliates and
          merged and acquired predecessors and successors of the foregoing; and

     c.   the present and former directors, officers, agents, employees, and
          attorneys of the foregoing.

10.  The term "Complaint" shall refer to the Complaint filed by Backman in the
     above-captioned action on or about November 24, 2004.

11.  The term "Answer" shall refer to the Answer to the Complaint filed by Ramzay in
     the above-captioned action on or about February 15, 2005.

## Instructions

1.   In accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure, please seasonably supplement your responses to these requests for the production of documents if you learn that in some material respect the information disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Backman during the discovery process or in writing.

2.   If any documents requested have been destroyed, lost, mislaid, or was formerly in your possession but are otherwise missing, please so state, specifying for each document or thing:
   a.   the type of document;
   b.   a description of the nature and contents of the document;
   c.   the identity of the author;
   d.   the circumstances under which it ceased to exist or cannot be located;
   e.   the identity of all person(s) having knowledge of the circumstances under which it ceased to exist; and
   f.   the identity of all person(s) who had knowledge of the contents.

   No requested document should be destroyed or deleted pursuant to any document retention program maintained by the Defendant.

3.   The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you or any of its attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

4.   If you claim that any pertinent document responsive to any request herein is privileged, please provide, in your response to this request for documents, the following information with respect to each such document:
   a.   the nature of the privilege claimed;
   b.   the identity of the client and/or attorney claiming privilege;
   c.   the general nature of the document;
   d.   the date of the document;
   e.   the location of the document;
   f.   the author of the document;
   g.   to the extent not privileged, the substance of the document.

## Relevant Time Period

Unless otherwise indicated, the relevant time period to which this request for

production of documents refers is January 1, 2000 to the present.

## Documents Requested

1. Any and all written and e-mail communications, and documents evidencing oral and telephonic communications, between Ramzay and Backman.

2. Any and all written and e-mail communications, and documents evidencing oral and telephonic communications, between Ramzay and Edward Levin relating to Backman and/or WWG.

3. Any and all written and e-mail communications, and documents evidencing oral and telephonic communications, between Ramzay and WWG relating to Backman.

4. Any and all documents relating to the negotiation, drafting and execution of any and all agreements between Ramzay and Backman.

5. Any and all documents relating to the negotiation, drafting and execution of any and all agreements between Ramzay and Levin.

6. Any and all documents relating to the negotiation, drafting and execution of any and all agreements between Ramzay and WWG.

7. Any and all documents upon which Ramzay relies in support of its Second Affirmative Defense of Ramzay's Answer that Backman is barred from recovery by the doctrine of unclean hands.

8. Any and all documents upon which Ramzay relies in support of its Third Affirmative Defense that Backman has precluded from recovery on account of fraud or false and fraudulent misrepresentations.

9. Any and all documents upon which Ramzay relies in support of its Fourth Affirmative Defense that there was a failure of consideration.

4

10. Any and all documents upon which Ramzay relies in support of its Fifth Affirmative Defense that Backman has failed to mitigate damages.

11. Any and all documents upon which Ramzay relies in support of its Sixth Affirmative Defense that Backman is barred from recovery by the doctrine of estoppel.

12. Any and all documents relating to the negotiation, drafting and execution of the Memorandum of Understanding and Agreement and Amendment thereto between Backman and Ramzay, appended as Exhibits 2 and 3, respectively, to Backman's Complaint.

13. Any and all documents evidencing payments by Ramzay to Backman.

14. Any and all documents upon which Ramzay relies in support of paragraph 11 of its Counterclaim.

15. Any and all documents upon which Ramzay relies in support of paragraph 12 of its Counterclaim.

16. Any and all documents upon which Ramzay relies in support of paragraph 13 of its Counterclaim.

17. Any and all documents upon which Ramzay relies in support of paragraph 15 of its Counterclaim.

18. Any and all documents upon which Ramzay relies in support of paragraph 17 of its Counterclaim.

19. Any and all documents upon which Ramzay relies in support of paragraph 18 of its Counterclaim.

20.     Any and all documents transmitted by or on behalf of Ramzay to persons

considered to be retained as expert witnesses in the above-entitled action.

21.     Any and all documents received by or on behalf of Ramzay from persons

considered to be retained as expert witnesses in the above-entitled action.


Dated: May 2, 2005                      IRVING A. BACKMAN,
                                        By his attorneys,


                                        Lawrence G. Green, BBO #209060
                                        Thomas T. Reith, BBO#648671
                                        PERKINS SMITH & COHEN LLP
                                        One Beacon St., 30th Floor
                                        Boston, MA  02108-3106
                                        617-854-4000


CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 5/2/05

**EXHIBIT B**

# FISHER, STEMPLER, FISHER & GOGGINS

COUNSELORS AT LAW

47 HARVARD STREET

WORCESTER, MASSACHUSETTS 01609-2876

CONRAD W. FISHER
HOWARD E. STEMPLER
ELIZABETH A. FISHER
JOHN M. GOGGINS

TELEPHONE: (508) 791-3466
(508) 754-6464
FACSIMILE: (508) 797-3606

June 2, 2005

Thomas T. Reith, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

**Re:** **Irving A. Backman v. Ramzay Group of Companies**
**Civil Action No. 04-12488WGY**

Dear Attorney Reith:

This letter will confirm that you have extended the time for filing the discovery in this matter to June 13, 2005 and this letter will also confirm that the Automatic Disclosures will be sent to you on Friday June 3, 2005.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Howard E. Stempler

HES/lb
cc: John Goggins, Esquire
Sent via facsimile



RECEIVED
JUN 0 2 2005
By_____

"Each Attorney in this office is an independent practitioner who is not responsible
for the practice or the liability of any other attorney in the office."