UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRVING A. BACKMAN,<br><br>    Plaintiff<br><br>V.<br><br>RAMZAY GROUP OF COMPANIES,<br><br>    Defendant | CIVIL ACTION NO. 04-12488 WGY |

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

The Plaintiff, Irving A. Backman, hereby moves pursuant to L.R. 33.1 and 37.1 for an issuance of an order to compel the Defendant, Ramzay Group of Companies' ("Defendant") to serve answers to Plaintiff's First Set of Interrogatories, within 10 days of the entry of such order. As grounds for the present motion, Backman states as follows:

1.    On May 2, 2005, Backman served his First Set of Interrogatories to Defendant Ramzay Group of Companies ("Interrogatories") upon Defendant. *See* Exhibit A.

2.    With three days allowed for mailing under Fed.R.Civ.P.6(e), Defendant's answers to the Interrogatories were due on June 6, 2005.[1]

3.    On May 31, 2005, Defendant's counsel contacted Backman's counsel and requested an extension within which to answer the Interrogatories.[2]

4.    On June 2, 2005, Backman's counsel contacted Defendant's counsel concerning the requested extension, and to conduct a L.R. 37.1 discovery conference. During that

---

[1] Defendant's answers technically became due June 4, 2005, a Saturday. By operation of Fed.R.Civ.P. 6(a), however, the answers actually became due the next business day, Monday, June 6, 2005.

[2] Despite agreeing to do so by April 4, 2005 via the parties' Joint L.R. 16.1 Statement, Defendant had not yet produced its initial disclosures as of its May 31, 2005 request for an extension.

conference, Backman's counsel informed Defendant's counsel, among other things, that: a) Backman agreed to a one-week extension, until June 13, 2005, within which Defendant was to answer the Interrogatories; and b) should Defendant wish more time to respond, it would have to move for leave of court to extend its discovery response period, or face a motion to compel.[3]

5. As a result of the discovery conference, Defendant's counsel agreed to produce Defendant's answers to the Interrogatories by June 13, 2005.[4] *See* Exhibit B.

6. To date, Defendant has failed to provide any answers, or to move for leave of court to extend its discovery response period.

WHEREFORE, Backman respectfully requests that this Court grant his Motion to Compel Answers to Interrogatories.

Respectfully submitted,
IRVING A. BACKMAN,
By his attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: June 17, 2005

---

[3] Although not specifically relevant to this motion, Plaintiff's counsel also required that Defendant produce its initial disclosures by June 3, 2005 and its response to document requests by June 13, 2005.

## LOCAL RULE 37.1 CERTIFICATE

I, Thomas T. Reith, hereby certify that the provisions of L.R. 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issue in question and that it is necessary for the Plaintiff, Irving A. Backman, to file his Motion to Compel Answers to Interrogatories. In this regard, I conducted a discovery conference as more fully set forth in Paragraphs 3-5 above, and that the conversations concerning the discovery issue in question were shorter than 10 minutes apiece; longer discussions were unnecessary since the issue at bar is simple -- Defendant must provide a proper discovery response, agreed to do so, yet failed to do so.

/s/ Thomas T. Reith

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 17th day of June 2005, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

---

[4] Also as a result of the discovery conference, Defendant's counsel agreed to produce the Defendant's initial disclosures by June 3, 2005 and its response to document requests by June 13, 2005.

3

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRVING A. BACKMAN,<br><br>　　　Plaintiff<br><br>V.<br><br>RAMZAY GROUP OF COMPANIES,<br><br>　　　Defendant | CIVIL ACTION NO. 04-12488 WGY |

## PLAINTIFF IRVING A. BACKMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT RAMZAY GROUP OF COMPANIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Irving A. Backman hereby requests that Defendant Ramzay Group of Companies serve their answers to the below Interrogatories within thirty (30) days of the date of service of this document.

### Definitions

The following definitions apply to this document request:

1. The terms "document" and "documents" are used herein in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean any and all tangible things and documents, whether handwritten, typed, printed, or otherwise produced, including but not limited to, blueprints, drawings, letters, cables, wires, memoranda, inter-office communications, e-mail, reports, notes, recordings, photographs, contracts, agreements, other official documents and legal instruments, notebooks, vouchers, ledgers, bills, books, financial records, checks, receipts, files, drafts, claims, manuals, investigations and studies, and any machine-readable records whether punched, carded, taped, or coded electronically, electromagnetically or otherwise, including copies or reproductions of any of the foregoing items upon which written notations have been made which do not appear on the originals.

2. "Communication" is used in the broadest sense contemplated by the Federal Rules of Civil Procedure and includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, opinions, or thoughts) regardless of form, sender, or recipient.

3. The term "concerning" means referring to, describing, evidencing or constituting.

4. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5. The term "person" means any natural person, partnership, corporation trust, or other form of legal entity.

6. The term "Backman" shall refer to Plaintiff Irving A. Backman.

7. The term "Levin" shall refer to Edward Levin.

8. The term "Ramzay " shall refer to:

    a. Ramzay Group of Companies;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

9. The term "WWG" shall refer to:

    a. Water Works Global, Inc.;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

10. The term "Complaint" shall refer to the Complaint filed by Backman in the above-captioned action on or about November 24, 2004.

11. The term "Answer" shall refer to the Answer to the Complaint filed by Ramzay in the above-captioned action on or about February 15, 2005.

## Instructions

1. Whenever a date, amount, or other computation or figure is requested, the exact date, amount or other computation or figure should be given or the best estimate thereof; and the answer shall state that date, amount or other computation or figures is an estimate or approximation.

2. The term "identify" with respect to documents, means to give, to the extent known, the:
   a. type of document
   b. general subject matter;
   c. date of the document; and
   d. author(s), addressee(s), and recipient(s).

3. The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this instruction, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. When an interrogatory calls upon you to "state the basis" of or for a particular claim, claim, assertion, allegation, or defense, in accordance with Local Rule 26.5, you shall:

   a. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

   d. state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

5. In accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure, please seasonably supplement your answers to these interrogatories if you learn that in some material respect the information disclosed is incomplete or incorrect, and if

the additional or corrective information has not otherwise been made known to Backman during the discovery process or in writing.

6. If you claim that any pertinent information, document or thing responsive to any interrogatory herein is privileged, please provide, in your response to this request for documents, the following information with respect to such information, document or thing:
   a. the nature of the privilege claimed;
   b. the identity of the client and/or attorney claiming privilege;
   c. the general nature of the document;
   d. the date of the information, document or thing;
   e. the location of the information, document or thing;
   f. the author of the information, document or thing;
   g. to the extent not privileged, the substance of the information, document or thing.

## Relevant Time Period

Unless otherwise indicated, the relevant time period to which these interrogatories refer is January 1, 2000 to the present.

## Interrogatories

### INTERROGATORY NO. 1

State the name, address, and title of each person answering these interrogatories and/or participating or assisting in preparing the answers.

### INTERROGATORY NO. 2

Identify each person whom the Defendants expect to call as a witness at trial, and set forth for each the subject matter upon which each witness is expected to testify.

### INTERROGATORY NO. 3

Identify each person whom the Defendants expect to call as an expert witness at trial, and set forth for each the subject matter upon which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion.

### INTERROGATORY NO. 4

State the basis for Ramzay's denial of the allegations of paragraph 15 of Backman's Complaint.

### INTERROGATORY NO. 5

State the basis for Ramzay's denial of the allegations of paragraph 16 of Backman's Complaint.

### INTERROGATORY NO. 6

State the basis for Ramzay's denial of the allegations of paragraph 17 of Backman's Complaint.

### INTERROGATORY NO. 7

State the basis for Ramzay's denial of the allegations of paragraph 18 of Backman's Complaint.

### INTERROGATORY NO. 8

State the basis for Ramzay's denial of the allegations of paragraph 19 of Backman's Complaint.

### INTERROGATORY NO. 9

State the basis for Ramzay's denial of the allegations of paragraph 20 of Backman's Complaint.

### INTERROGATORY NO. 10

State the basis for Ramzay's denial of the allegations of paragraph 21 of Backman's Complaint.

### INTERROGATORY NO. 11

State the basis for Ramzay's denial of the allegations of paragraph 23 of Backman's Complaint.

### INTERROGATORY NO. 12

State the basis for Ramzay's Second Affirmative Defense.

**INTERROGATORY NO. 13**

State the basis for Ramzay's Third Affirmative Defense.

**INTERROGATORY NO. 14**

State the basis for Ramzay's Fourth Affirmative Defense.

**INTERROGATORY NO. 15**

State the basis for Ramzay's Fifth Affirmative Defense.

**INTERROGATORY NO. 16**

State the basis for Ramzay's Sixth Affirmative Defense.

**INTERROGATORY NO. 17**

State the basis for paragraph 12 of Ramzay's Counterclaim.

**INTERROGATORY NO. 18**

State the basis for paragraph 13 of Ramzay's Counterclaim.

**INTERROGATORY NO. 19**

State the basis for paragraph 15 of Ramzay's Counterclaim.

**INTERROGATORY NO. 20**

State the basis for paragraph 17 of Ramzay's Counterclaim.

**INTERROGATORY NO. 21**

State the basis for paragraph 18 of Ramzay's Counterclaim.

**INTERROGATORY NO. 22**

State the basis for paragraph 19 of Ramzay's Counterclaim, providing in detail any and all elements and calculations of Ramzay's damage claim.

Dated: May 2, 2005

IRVING A. BACKMAN,
By his attorneys,

_____
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO#648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA 02108-3106
617-854-4000

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 5-2-05

7

**EXHIBIT B**

# FISHER, STEMPLER, FISHER & GOGGINS

COUNSELORS AT LAW

47 HARVARD STREET
WORCESTER, MASSACHUSETTS 01609-2876

CONRAD W. FISHER
HOWARD E. STEMPLER
ELIZABETH A. FISHER
JOHN M. GOGGINS

TELEPHONE: (508) 791-3466
(508) 754-6464
FACSIMILE: (508) 797-3606

June 2, 2005

Thomas T. Reith, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

Re:   Irving A. Backman v. Ramzay Group of Companies
      Civil Action No. 04-12488WGY

Dear Attorney Reith:

This letter will confirm that you have extended the time for filing the discovery in this matter to June 13, 2005 and this letter will also confirm that the Automatic Disclosures will be sent to you on Friday June 3, 2005.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Howard E. Stempler

HES/lb
cc: John Goggins, Esquire
Sent via facsimile



RECEIVED
JUN 0 2 2005
By_____

"Each Attorney in this office is an independent practitioner who is not responsible
for the practice or the liability of any other attorney in the office."