UNITED STATES DISTRICT COURT

EASTERN DIVISION               DISTRICT OF MASSACHUSETTS
                               DOCKET NO.: 04-12488WGY

IRVING BACKMAN,                )
          Plaintiff            )
                               )
v.                             )
                               )
RAMZAY GROUP OF COMPANIES,     )
          Defendant            )

## DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM

### Nature of Action

1. Defendant admits the allegations in paragraph 1 of the Plaintiff's Complaint.

### Parties

2. Defendant admits the allegations in paragraph 2 of the Plaintiff's Complaint.

3. Defendant denies the allegations in paragraph 3 of the Plaintiff's Complaint.

### Jurisdiction and Venue

4. Defendant admits the allegations in paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegations in paragraph 5 of the Plaintiff's Complaint.

6. Defendant is without sufficient information to admit or deny the allegations in paragraph 6 of the Plaintiff's Complaint.

### Underlying Facts

7. Defendant is without sufficient information to admit or deny the allegations in paragraph 7 of the Plaintiff's Complaint.

8. Defendant is without sufficient information to admit or deny the allegations in paragraph 8 of the Plaintiff's Complaint.

9. Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of the Plaintiff's Complaint.

10. Defendant is without sufficient information to admit or deny the allegations in paragraph 10 of the Plaintiff's Complaint.

11. Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of the Plaintiff's Complaint.

12. Defendant admits the allegations in paragraph 12 of the Plaintiff's Complaint.

13. Defendant admits the allegations in paragraph 13 of the Plaintiff's Complaint.

14. Defendant admits the allegations in paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations in paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations in paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations in paragraph 18 of the Plaintiff's Complaint.

19. Defendant denies the allegations in paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations in paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of the Plaintiff's Complaint.

<u>Count I: Action for Breach of Contract</u>

22. Defendant denies the allegations in paragraph 22 of the Plaintiff's Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed by reason of Plaintiff's fraud; specifically, in order to induce defendant to enter into the agreement alleged in Plaintiff's Complaint, Plaintiff misrepresented the nature and sufficiency of the testing of the technology, which was the subject matter of the agreement. Plaintiff's false and fraudulent misrepresentations, upon which the Defendant relied upon in entering into the agreement, were made to induce defendant to make payments to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed for failure of consideration.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be voided or reduced by Plaintiff's failure to mitigate same.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Estoppel, in that Plaintiff made representations that were intended to induce reliance upon them and the Defendant did in fact rely upon Plaintiff's misrepresentations to its detriment.

## COUNTERCLAIM

1.      Plaintiff in counterclaim, Ramzay Group of Companies, hereinafter "Ramzay", is a duly organized entity having a principal place of business in Moscow, Russia.

2. Defendant in counterclaim, Irving Backman, hereinafter "Backman", is an individual, residing in Newton, Middlesex County, Massachusetts.

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 USC § 1332 as there is diversity of citizenship and an amount in controversy in excess of $75,000.00

4. Venue is appropriate before this Court as Backman resides in the Commonwealth of Massachusetts.

## UNDERLYING FACTS

5. At all times relevant hereto, the Backman, was in the business of assisting scientists and entrepreneurs in helping them develop and market technology.

6. At all times relevant hereto, the Ramzay was not in the technology business, its primary business is related to point of purchase consumer products including ice cream, restaurants, and kiosks, mostly located in Russia.

7. For several years prior to December, 2002, Backman negotiated signed agreements for and obtained certain marketing rights in certain technology known as "Glow Discharge Plasma technology", (hereinafter the "Technology"), with a company known as Water Works Global, Inc. ("WWG").

8. Prior to December 10, 2002, in the course of negotiations, Backman, indicated and represented that the Technology, which is the subject matter of this suit had been and would be successfully tested and, notwithstanding certain refinements, was a viable water purification technology.

9. While in the United States on or about December 10, 2002. the Parties executed a "Memorandum of Understanding and Agreement", drafted by Backman (the "2002 Agreement" has been appended and attached to Defendant in counterclaim's original Complaint).

10. The 2002 Agreement was amended on two occasions in 2003, which Amendments were collectively appended to Backman's original Complaint and marked as Exhibit 3.

11. In or about May, 2003, having already paid Backman the initial $100,000.00 due under the 2002 Agreement and having already spent of $53,000.00 on preliminary tests which were conducted in the United States, the Plaintiff in Counterclaim, Ramzay, desired to pay Backman the remaining $85,000.00 under the 2002 Agreement, in exchange for his relinquishing and transferring certain rights pursuant to the Agreement.

12. Backman breached his obligation under the Agreement by failing to transfer his rights and information pertaining to the Technology.

13. Backman further breached his Agreement by failing to re-purchase and repay Ramzay for its initial investment after Backman breached the Agreement and refused pursuant to the Amendments to repay and reimburse Ramzay.

## COUNT I
## BREACH OF CONTRACT

14. The Plaintiff in Counterclaim repeats and realleges its allegations in Paragraphs 1-13 of its Counterclaim as if fully set forth herein.

15. By reason of the foregoing, Backman has breached his Agreement with Ramzay and is liable to Ramzay for his breaches thereof and all damages sustained as a direct and proximate result thereof, together with interest, costs and Attorney's fees.

## COUNT II
## INTERFERENCE WITH CONTACTUAL RELATIONSHIP

16. The Plaintiff in Counterclaim repeats and realleges its allegations in Paragraphs 1-15 of its Counterclaim as if fully set forth herein.

17. The Defendant in Counterclaim, Backman, knew or had reason to know at the time that he negotiated, drafted and executed the 2002 Agreement and as of the time he accepted Ramzay's funds, that Ramzay would realize a significant economic benefit by the purchase from Backman of 30% of Backman's preferred shares and all of Backman's common shares to the marketing company (entity) to be set up to market worldwide the WWG technology.

18. By refusing to transfer his rights to Ramzay after Ramzay indicated its satisfaction with the testing, Ramzay had set up and paid for, Backman denied Ramzay the economic fruits of the contract negotiated by and between the parties.

19. By virtue of the foregoing, Plaintiff in counterclaim has been damaged.

## COUNT III
## INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONSHIP

20. After Backman and Ramzay entered into their Agreement, WWG was required to protect its rights in the technology by securing certain patents.

2   WWG was in immediate need of cash in order to secure patent protection for the technology in Russia, otherwise, the opportunity would terminate. Backman was aware of this fact. WWG and Ramzay negotiated a deal whereby Ramzay would invest $750,000.00 into WWG in exchange for a 25% interest in the company.

22.   Backman, who became aware of the above agreement, blocked the purchase and obtained a Court ordered injunction, thereby causing WWG to lose the opportunity to patent the technology in Russia.

23.   By reason of its inability to acquire the patents, Ramzay lost several lucrative opportunities to gain the participation of several bona fide investor groups.

24.   As a proximate result of Backman's unlawful actions, Ramzay was prevented from realizing gain, totaling in the millions of dollars.

WHEREFORE, the Plaintiff in Counterclaim, Ramzay, respectfully requests that this Court enter judgment in its favor against Backman in the amount of all of its damages sustained as a direct and proximate result of Backman's breaches and fraudulent conduct, arising out of the 2002 Agreement and Amendments thereto, together with interest, costs and Attorney's fees.

Respectfully Submitted,
RAMZAY GROUP OF COMPANIES

By Its Attorneys,

John M. Goggins BBO#631254
Howard E. Stempler BBO# 547197
Fisher, Stempler, Fisher & Goggins
47 Harvard Street
Worcester, MA 01609
Tel: (508)791-3466

Dated: August 16, 2005