UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRVING A. BACKMAN, <br><br> Plaintiff, <br><br> V. <br><br> RAMZAY GROUP OF COMPANIES, <br><br> Defendant. | CIVIL ACTION NO. 04-12488 WGY |

PLAINTIFF / DEFENDANT-IN-COUNTERCLAIM'S
ANSWER TO AMENDED COUNTERCLAIM

The Plaintiff / Defendant-in-Counterclaim, Irving A. Backman ("Backman"), renders the following Answer, pursuant to Rules 8, 12, 13 and 15 of the Federal Rules of Civil Procedure, to the respectively numbered paragraphs of the Defendant / Plaintiff-in-Counterclaim, Ramzay Group of Companies' ("Ramzay") Amended Counterclaim:

AS TO THE COUNTERCLAIM

1. Backman admits the allegations set forth in Paragraph 1 of the Counterclaim.

2. Backman admits the allegations set forth in Paragraph 2 of the Counterclaim.

3. Backman admits the allegations set forth in Paragraph 3 of the Counterclaim.

4. Backman admits the allegations set forth in Paragraph 4 of the Counterclaim.

AS TO THE UNDERLYING FACTS

5. Backman admits the allegations set forth in Paragraph 5 of the Counterclaim.

6. Backman lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Counterclaim and therefore denies the same.

7. Backman admits the allegations set forth in Paragraph 7 of the Counterclaim.

8. Backman denies the allegations set forth in Paragraph 8 of the Counterclaim.

9. Backman admits that the parties executed the "Memorandum of Understanding and Agreement" on or about December 10, 2002.  Backman denies the remaining allegations set forth in Paragraph 9 of the Counterclaim.

10. Backman admits the allegations set forth in Paragraph 10 of the Counterclaim.

11. Backman admits that Ramzay paid $100,000 under the "2002 Agreement" to Backman.  Backman neither admits nor denies the remaining allegations set forth in Paragraph 11 of the Counterclaim.

12. Backman denies the allegations set forth in Paragraph 12 of the Counterclaim.

13. Backman denies the allegations set forth in Paragraph 13 of the Counterclaim.

## AS TO COUNT I
## BREACH OF CONTRACT

14. Backman repeats and incorporates by reference the Answers to Paragraphs 1 - 13 of the Counterclaim as fully set forth therein.

15. Backman denies the allegations set forth in Paragraph 15 of the Counterclaim.

WHEREFORE, Backman respectfully prays that this Court dismiss with prejudice Count I of Ramzay's Counterclaim, award Backman his reasonable attorneys' fees and costs, and grant such other relief as may be deemed just and appropriate.

## AS TO COUNT II
## INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

16. Backman repeats and incorporates by reference the Answers to Paragraphs 1 - 15 of the Counterclaim as fully set forth therein.

17. Backman denies the allegations set forth in Paragraph 17 of the Counterclaim.

18. Backman denies the allegations set forth in Paragraph 18 of the Counterclaim.

19. Backman denies the allegations set forth in Paragraph 19 of the Counterclaim.

WHEREFORE, Backman respectfully prays that this Court dismiss with prejudice Count II of Ramzay's Counterclaim, award Backman his reasonable attorneys' fees and costs, and grant such other relief as may be deemed just and appropriate.

## AS TO COUNT III
## INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONSHIP

20. The agreement referred to is a written instrument, the terms of which speak for itself; therefore, no response is required.

21. Backman lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth Paragraph 21 of the Counterclaim and therefore denies same.

22. Backman admits that he obtained an injunction against WWG in a separate civil action, prior to the filing of the present civil action.  Backman denies the remaining allegations set forth in Paragraph 22 of the Counterclaim.

23. Backman denies the allegations set forth in Paragraph 23 of the Counterclaim.

24. Backman denies the allegations set forth in Paragraph 24 of the Counterclaim.

WHEREFORE, Backman respectfully prays that this Court dismiss with prejudice Count III of Ramzay's Counterclaim, award Backman his reasonable attorneys' fees and costs, and grant such other relief as may be deemed just and appropriate.

## FURTHER DEFENSE

And further saying by way of defense, Backman states that the Counterclaim fails to state a claim for which relief may be granted.

## FIRST AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, Backman states that Ramzay has waived its rights to recover from Backman.

## SECOND AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, Backman states that Ramzay is estopped by its own actions from obtaining recovery against Backman.

## THIRD AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, Backman states that Ramzay is precluded from recovery by virtue of the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, Backman states that Ramzay is precluded from recovery against Backman under the terms of the operative agreements by and among the parties.

## FIFTH AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, Backman states that Ramzay is precluded from recovery by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, Backman states that Ramzay has failed to state a claim for "Interference With Contractual Relationship."

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

And further saying by way of affirmative defense, Backman states that Ramzay has failed to state a claim for "Interference With Advantageous Contractual Relationship."

<u>NINTH AFFIRMATIVE DEFENSE</u>

And further saying by way of affirmative defense, Backman states that Ramzay is precluded from recovery against Backman, for any actions taken by Backman were justified and/or otherwise lawful and/or equitable.

WHEREFORE, Backman respectfully prays that this Court:

1. Dismiss Ramzay's Amended Counterclaim with prejudice;

2. Award Backman his reasonable attorneys' fees and costs; and

3. Grant such other relief as may be deemed just and appropriate.

Respectfully Submitted,

IRVING A. BACKMAN,
By His Attorneys,


/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA 02108-3106
617-854-4000

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 30th day of August 2005, a true and accurate copy of the above document was served upon the attorney of record for Ramzay electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith_____

10221-13-AmendedAns.doc