UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

       Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

       Defendant

CIVIL ACTION NO. 04-12488 WGY

## PLAINTIFF'S AMENDED MOTION FOR SANCTIONS

The Plaintiff, Irving A. Backman ("Backman"), hereby moves pursuant to F.R.C.P. 37 and L.R. 37.1 for sanctions against the Defendant, Ramzay Group of Companies ("Defendant") for the Defendant's failure and refusal to appear for its duly noticed deposition(s). As grounds for the present Motion, Backman states as follows:

1.      On or about November 24, 2004, Backman filed his Complaint against the Defendant.

2.      On or about February 15, 2005, the Defendant filed its Answer to Complaint and Counterclaim against Backman.

3.      On or about March 9, 2005, Backman filed his Answer to the Defendant's Counterclaim.

4.      On April 11, 2005, at the time of the parties' scheduling conference before this Court, the Defendant's counsel agreed to produce the Defendant and its agents in Massachusetts for depositions.

5.    On or about August 16, 2005, the Defendant filed its First Amended Answer to Complaint and Counterclaim.

6.    On or about August 30, 2005, Backman filed his Answer to Amended Counterclaim.

7.    On or about September 13, 2005, Backman, through his counsel, served the Notice of Deposition of Ramzay Group of Companies by its President, Ilya Gordeev, upon the Defendant. *See* Exhibit A hereto.   The Gordeev deposition was noticed for October 25, 2005.

8.    Also on or about September 13, 2005, Backman, through his counsel, served the Notice of Deposition of Ramzay Group of Companies by its Vice President, Finance, Visily Koshevoy. *See* Exhibit B hereto.   The Koshevoy deposition was noticed for October 26, 2005.

9.    Both of the aforementioned notices of deposition conformed to the controlling rules of civil procedure.

10.    On or about October 7, 2005, the Defendant's counsel sent a letter to Backman's counsel, stating, among other things, that:

    a.    the Defendant did agree on April 11, 2005, via its counsel, to appear in Massachusetts for its, and its agent(s)', deposition(s); but,

    b.    notwithstanding that agreement, neither Mr. Gordeev nor Mr. Koshevoy would be appearing for the Defendant's noticed depositions.

*See* Exhibit C hereto.

11.    On or about October 19, 2005, Backman's counsel contacted both co-counsel for the Defendant.

12.    During the discussions between the parties' counsel on or about October 19, 2005:

    a.    Backman's counsel offered to reschedule the depositions, if that would assist in procuring the deponents' appearances;

    b.    the Defendant's counsel declined that offer to reschedule;

    c.    the Defendant's counsel gave every indication that the deponents/Defendant would not be appearing, regardless of the date and time of the depositions;

    d.    Backman's counsel informed the Defendant's counsel that he would be going on record on the date of the first noticed deposition, October 25, 2005, to explain both deponents' non-appearance; and

    e.    The Defendant's counsel did not object.

13.    Messrs. Gordeev and Koshevoy failed to appear for their duly noticed depositions. The Defendant's counsel did not appear.

14.    As discussed between the parties' counsel on October 19, 2005, Backman's counsel went on the record as to the deponents' non-appearance. Copies of the deposition records are appended hereto as Exhibit D.

15.    The Defendant's failure to appear for its duly noticed depositions violates the rules of civil procedure.

16.    Unfortunately, the Defendant's recent failure to appear for its depositions is but the Defendant's latest discovery offense. More specifically, the Defendant only produced its response to Backman's document requests, and the corresponding documents, under Court Order. Indeed, the Defendant remains under Court Order to answer Backman's interrogatories, which

Backman served in May 2005, by the close of discovery on November 14, 2005. As seen in

Exhibit C hereto, the Defendant has no intention of answering those interrogatories.

      17.    The Court must sanction the Defendant for its continued flagrant disregard of the

rules of civil procedure.

      18.    Federal Rule of Civil procedure 37(d) provides in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to taken the deposition, after being served with a proper notice…the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule….

> ….In lieu of any order *or in addition thereto*, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure…. (Emphasis added).

      19.    Subdivision (b)(2) of F.R.C.P. 37 provides in pertinent part:

> …the court in which the action is pending may make such orders in regard to the failures as are just, and among others the following:

> …(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party*…. (Emphasis added).

      20.    The Defendant's actions to date, its failure to remedy its violations of the rules,

and its expressed intent to continue violating same require the harshest of sanctions.

WHEREFORE, Backman respectfully requests that this Court:

a.    Grant his Motion;

b.    Enter judgment by default against the Defendant;

c.    Dismiss the Defendant's Amended Counterclaim against Backman;

d.    Award Backman his reasonable expenses, including attorneys' fees, caused by

       having to conduct the record depositions and bring the present Motion; and

e.    Grant such other relief and/or sanction in Backman's favor that this Court deems

       just.

Respectfully submitted,
IRVING A. BACKMAN,
By his attorneys,


/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
Dated: November 15, 2005        (617) 854-4000

## F.R.C.P. RULE 37 AND LOCAL RULE 37.1 CERTIFICATE

I, Thomas T. Reith, hereby certify that the provisions of F.R.C.P. Rule 37 and L.R. 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issue in question without this Court's intervention and that it is necessary for the Plaintiff, Irving A. Backman, to file the above Motion. In this regard, I conducted discovery conferences with opposing counsel as more fully set forth in Paragraphs 11-12 above, and in Exhibit D hereto, and that the conversations concerning the discovery issue in question were shorter than 15 minutes apiece. Longer discussions were unnecessary since the issue at bar is simple -- Defendant agreed to appear for depositions, failed to appear for depositions, and has expressed its intent not to appear for depositions. This motion merely amends Backman's Motion for Sanctions, which was filed on November 11, 2005.

/s/ Thomas T. Reith

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 15th day of November 2005, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

     Plaintiff,

V.

RAMZAY GROUP OF COMPANIES,

     Defendant.

CIVIL ACTION NO. 04-12488 WGY

## NOTICE OF DEPOSITION OF RAMZAY GROUP OF COMPANIES, BY ITS PRESIDENT, ILYA GORDEEV

To:    John M. Goggins, Esq.
        Howard E. Stempler, Esq.
        Fisher, Stempler, Fisher & Goggins
        47 Harvard Street
        Worcester, MA 01609

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.2, 26.5 and 30.1(a), Plaintiff Irving A. Backman, through his attorneys, hereby gives notice of his intention to take the deposition upon oral examination of Ramzay Group of Companies by its President, Ilya Gordeev.

The deposition will commence on Tuesday, October 25, 2005, at 10:00 a.m., at the offices of Thomas T. Reith, Perkins Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, Massachusetts, before a Notary Public or other officer authorized by law to administer oath. The deposition will continue from day to day until completed.

**EXHIBIT**
Gordeev
Ex. 1 10.25.05
LD

You are invited to attend and cross-examine.

Respectfully Submitted,

IRVING A. BACKMAN,
By His Attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA  02108-3106
617-854-4000

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail hand on 2-13-01

10221-13-DepNotIlya.doc

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

    Plaintiff,

V.

RAMZAY GROUP OF COMPANIES,

    Defendant.

CIVIL ACTION NO. 04-12488 WGY

## NOTICE OF DEPOSITION OF RAMZAY GROUP OF COMPANIES, BY ITS VICE PRESIDENT, FINANCE, VISILY KOSHEVOY

To:    John M. Goggins, Esq.
       Howard E. Stempler, Esq.
       Fisher, Stempler, Fisher & Goggins
       47 Harvard Street
       Worcester, MA 01609

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.2, 26.5 and 30.1(a), Plaintiff Irving A. Backman, through his attorneys, hereby gives notice of his intention to take the deposition upon oral examination of Ramzay Group of Companies by its Vice President, Finance, Visily Koshevoy.

The deposition will commence on Wednesday, October 26, 2005, at 10:00 a.m., at the offices of Thomas T. Reith, Perkins Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, Massachusetts, before a Notary Public or other officer authorized by law to administer oath. The deposition will continue from day to day until completed.


EXHIBIT
Koshevoy
Ex. ( 10-25-0
20

You are invited to attend and cross-examine.

Respectfully Submitted,

IRVING A. BACKMAN,
By His Attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA 02108-3106
617-854-4000

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on _9-13-05_

10221-13-DepNotKoshevoy.doc

2

**EXHIBIT C**

# JOHN M. GOGGINS
ATTORNEY AT LAW
47 HARVARD STREET
WORCESTER, MASSACHUSETTS 01609-2876

Telephone:
(508) 791-3466

Facsimile:
(508) 797-3606

October 7, 2005

Thomas T. Reith, Esquire
Lawrence G. Green, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

**Re:    Irving A. Backman v. Ramzay Group of Companies**
**Civil Action No. 04-12488WGY**

**VIA FACSIMILE and FIRST CLASS MAIL**

Gentlemen:

Enclosed please find Defendant Ramzay Group of Companies Amended Response to Plaintiff Irving Backman's First and Second Request for Production of Documents. The numbers in each answer correspond with the Bates stamped numbers provided in Defendant's initial response to Plaintiff's request for Production of Documents.

The Defendant's amended response to request for production of documents are subject to the following caveats: (1) Edward Levin was assumed to be an agent of WWG until July 18, 2003 and thereafter was apparently WWG's agent only when referenced as such by his WWG e-mail account; (2) Vasily Bakhar is presumed to be agent of WWG and not RAMZAY; and (3) Ilya Gordeev and Vasily Koshevoy are presumed agents of RAMZAY.

Additionally, because the many documents may have various interpretations, Defendant's responses to specific requests assume that the documents identified are rationally related and potentially relevant to the question which was answered. Gentlemen, we have answered the questions in good faith and to the best of our understanding. Counsel is cognizant that there may have been a potential to misinterpret the relevancy, meaning, and context of a particular document on Counsel's part. If there is any concern as to why a document was identified to a particular question, please do not hesitate to contact us. If our interpretation or understanding of documents, so identified, changes, under our continuing obligations, we will amend our answers.

RECEIVED
OCT 11 2005



EXHIBIT
Gordee ✓
Ex. 2  10-25-05
LD

Furthermore, due to our inability to maintain communications with our client, we have provided all of the documents that are responsive to the Plaintiff's Request for Production of Documents that are in our care, custody and control, and we have endeavored to the best of our abilities to answer each request in accordance with the Federal Rules of Civil Procedure. For the same reasons, we are unable to complete answers to interrogatories at this time.

With respect to your September 13, 2005 letter, our understanding is that at the April 11, 2005 scheduling conference we indicated that we would agree to have any depositions of our client's agents take place in Massachusetts. It is our understanding that Visily Koshevoy is no longer employed by RAMZAY. And for the above stated reasons, we do not anticipate that either Ilya Gordeev or Visily Koshevoy will be present for the depositions scheduled for October 25, 2005.

Very truly yours,

John M. Goggins
Howard E. Stempler

HES/lb
JMG/lb

**EXHIBIT D**

1

1    Volume:        1

2    Pages:        1 - 7

3    Exhibits:      2

4         COMMONWEALTH OF MASSACHUSETTS

5

6    Suffolk, ss.        Superior Court

7              Civil Action No. 04-12488 WGY

8    ------------------------------------------

9    IRVING A. BACKMAN,                    )

10         Plaintiff,                       )

11    v.                                    )

12    RAMZAY GROUP OF COMPANIES,            )

13         Defendant.                        )

14    ------------------------------------------

15

16      SCHEDULED DEPOSITION OF ILYA GORDEEV

17          October 25, 2005

18             9:59 a.m.

19         Perkins Smith & Cohen

20             30th Floor

21          One Beacon Street

22         Boston, Massachusetts

23

24      Reporter:  Lisa M. Domenica

2

1    APPEARANCES:

2

3        Perkins Smith & Cohen

4        By Thomas T. Reith, Esq.

5        One Beacon Street

6        30th Floor

7        Boston, Massachusetts 02108

8        (617)-854-4000

9        Treith@pscboston.com

10       On behalf of the Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

3

1                    E X H I B I T S

2    NO.                                          PAGE

3    1       Notice                                 4

4    2       Letter                                 5

5

6

7

8    * Original exhibits retained by Attorney Reith.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Scheduled Depo of Ilya Gordeev

4

1          PROCEEDINGS

2          For the record, my name is Thomas Reith.  I

3     am counsel for the Plaintiff, Irving A. Backman,

4     that's Irving A. Backman, in the civil action

5     against Ramzay Group of Companies, defendant to

6     United States District Court, District of

7     Massachusetts matter Civil Action No. 04-12488 WGY.

8          Today we're going on the record as to the

9     deposition of Ramzay Group of Companies by its

10    president Ilya Gordeev; first name I-l-y-a, last

11    name G-o-r-d-e-e-v on April 11, of 2005.  Counsel

12    for the Defendant Ramzay Group of Companies

13    attorneys John M. Goggins, G-o-g-g-i-n-s, and Howard

14    E. Stempler, S-t-e-m-p-l-e-r, agreed to produce the

15    defendants and its agents for deposition, if

16    necessary, in Massachusetts.

17         I was going to ask you to mark for

18    identification today this document.

19         (Exhibit 1 marked for identification.)

20         The document that has been marked Exhibit 1

21    for identification today is entitled Notice of

22    Deposition of Ramzay Group of Companies by its

23    president again, Ilya Gordeev, I-l-y-a,

24    G-o-r-d-e-e-v, on or about September 13, 2005.  The

Scheduled Depo of Ilya Gordeev

5

1    plaintiff served this Notice of Deposition, Exhibit

2    1 for identification today, upon the defendant.  In

3    response to the service of the Notice of Deposition,

4    among other things, counsel for the defendant

5    replied with a letter dated October 7, 2005,

6    received by this office on October 11, 2005.  I

7    would ask that, that letter be marked as Exhibit 2

8    for identification today.

9         (Exhibit 2 marked for identification.)

10         By the letter dated October 7, 2005 from

11    the counsel for defendants, the defendant

12    acknowledged the defendant's agreement to produce

13    the defendant and its agents in Massachusetts for

14    the deposition.  But notwithstanding the defendant's

15    prior agreement to so appear and to so produce its

16    agents, the October 7, 2005 letter indicated and

17    stated that Mr. Gordeev would not be appearing for

18    his deposition, that being the deposition noticed

19    for today.

20         Following my receipt of Exhibit 2 for

21    identification today, I contacted opposing counsel,

22    counsel for the defendant on or about October 19,

23    2005.  In fact, I attempted to contact both Mr.

24    Stempler and Mr. Goggins.  I spoke with Attorney

6

1    Stempler first.  I offered to reschedule the

2    deposition of Mr. Gordeev, if that would assist in

3    procuring the deponent's attendance.  Attorney

4    Stempler did not accept my offer to reschedule and

5    gave me every indication that Mr. Gordeev would not

6    be attending his notice deposition regardless of

7    date and time.  During that discussion on October

8    19th, I informed opposing counsel that I would be

9    going on the record today and explaining the

10   circumstances of Mr. Gordeev's nonappearance.

11   Opposing counsel did not object.  The opposing

12   counsel, being initially Mr. Stempler, and then

13   later in the day Attorney John Goggins.  Neither

14   counsel for the defendant, nor Mr. Gordeev have

15   appeared today and at this point the record will be

16   concluded.

17            (Concluded at 10:06 a.m.)

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

      Plaintiff,

V.

RAMZAY GROUP OF COMPANIES,

      Defendant.

CIVIL ACTION NO. 04-12488 WGY

## NOTICE OF DEPOSITION OF RAMZAY GROUP OF COMPANIES, BY ITS PRESIDENT, ILYA GORDEEV

To:    John M. Goggins, Esq.
        Howard E. Stempler, Esq.
        Fisher, Stempler, Fisher & Goggins
        47 Harvard Street
        Worcester, MA 01609

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.2, 26.5 and 30.1(a), Plaintiff Irving A. Backman, through his attorneys, hereby gives notice of his intention to take the deposition upon oral examination of Ramzay Group of Companies by its President, Ilya Gordeev.

The deposition will commence on Tuesday, October 25, 2005, at 10:00 a.m., at the offices of Thomas T. Reith, Perkins Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, Massachusetts, before a Notary Public or other officer authorized by law to administer oath. The deposition will continue from day to day until completed.



EXHIBIT
Gordeev
Ex.1 10-25-05
LD

You are invited to attend and cross-examine.

Respectfully Submitted,

IRVING A. BACKMAN,
By His Attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA 02108-3106
617-854-4000

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 9-13-05

10221-13-DepNotIlya.doc

2

# JOHN M. GOGGINS

ATTORNEY AT LAW
47 HARVARD STREET
WORCESTER, MASSACHUSETTS 01609-2876

Telephone:
(508) 791-3466

Facsimile:
(508) 797-3606

October 7, 2005

Thomas T. Reith, Esquire
Lawrence G. Green, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

**Re:**   **Irving A. Backman v. Ramzay Group of Companies**
**Civil Action No. 04-12488WGY**

## VIA FACSIMILE and FIRST CLASS MAIL

Gentlemen:

Enclosed please find Defendant Ramzay Group of Companies Amended Response to Plaintiff Irving Backman's First and Second Request for Production of Documents. The numbers in each answer correspond with the Bates stamped numbers provided in Defendant's initial response to Plaintiff's request for Production of Documents.

The Defendant's amended response to request for production of documents are subject to the following caveats: (1) Edward Levin was assumed to be an agent of WWG until July 18, 2003 and thereafter was apparently WWG's agent only when referenced as such by his WWG e-mail account; (2) Vasily Bakhar is presumed to be agent of WWG and not RAMZAY; and (3) Ilya Gordeev and Vasily Koshevoy are presumed agents of RAMZAY.

Additionally, because the many documents may have various interpretations, Defendant's responses to specific requests assume that the documents identified are rationally related and potentially relevant to the question which was answered. Gentlemen, we have answered the questions in good faith and to the best of our understanding. Counsel is cognizant that there may have been a potential to misinterpret the relevancy, meaning, and context of a particular document on Counsel's part. If there is any concern as to why a document was identified to a particular question, please do not hesitate to contact us. If our interpretation or understanding of documents, so identified, changes, under our continuing obligations, we will amend our answers.

RECEIVED OCT 11 2005



Furthermore, due to our inability to maintain communications with our client, we have provided all of the documents that are responsive to the Plaintiff's Request for Production of Documents that are in our care, custody and control, and we have endeavored to the best of our abilities to answer each request in accordance with the Federal Rules of Civil Procedure. For the same reasons, we are unable to complete answers to interrogatories at this time.

With respect to your September 13, 2005 letter, our understanding is that at the April 11, 2005 scheduling conference we indicated that we would agree to have any depositions of our client's agents take place in Massachusetts. It is our understanding that Visily Koshevoy is no longer employed by RAMZAY. And for the above stated reasons, we do not anticipate that either Ilya Gordeev or Visily Koshevoy will be present for the depositions scheduled for October 25, 2005.

Very truly yours,

John M. Goggins
Howard E. Stempler

HES/lb
JMG/lb

1

1                  Volume:        1

2                  Pages:         1 - 7

3                  Exhibits:      2

4        COMMONWEALTH OF MASSACHUSETTS

5

6   Suffolk, ss.        Superior Court

7                Civil Action No. 04-12488 WGY

8   ------------------------------------------

9   IRVING A. BACKMAN,                          )

10         Plaintiff,                        )

11  v.                                          )

12  RAMZAY GROUP OF COMPANIES,                  )

13         Defendant.                        )

14  ------------------------------------------

15

16     SCHEDULED DEPOSITION OF VISILY KOSHEVOY

17           October 25, 2005

18            10:06 a.m.

19        Perkins Smith & Cohen

20          30th Floor

21         One Beacon Street

22       Boston, Massachusetts

23

24      Reporter:  Lisa M. Domenica

Scheduled Depo of Visily Koshevoy

2

1    APPEARANCES:

2

3      Perkins Smith & Cohen

4      By Thomas T. Reith, Esq.

5      One Beacon Street

6      30th Floor

7      Boston, Massachusetts 02108

8      (617)-854-4000

9      Treith@pscboston.com

10     On behalf of the Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24



3

1                        E X H I B I T S

2    NO.                                              PAGE

3    1        Notice                                    4

4    2        Letter                                    5

5

6

7

8    * Original exhibits retained by Attorney Reith.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4

1                    PROCEEDINGS

2          This is Thomas Reith of Perkins Smith &

3   Cohen.  I am counsel for the Plaintiff, Irving A.

4   Backman in United States District Court, District of

5   Massachusetts, Civil Action No. 04-12488 WGY,

6   against defendant, Ramzay Group of Companies.

7          Today we're here in connection with the

8   deposition of Visily, V-i-s-i-l-y, Koshevoy,

9   K-o-s-h-e-v-o-y.  On April 11, 2005 counsel for the

10  Defendant, Ramzay Group of Companies, Attorneys John

11  M. Goggins, G-o-g-g-i-n-s, and Howard E. Stempler,

12  S-t-e-m-p-l-e-r, agreed to produce the defendant and

13  its agents for deposition, if necessary, in

14  Massachusetts.

15         Just ask you to mark the document here as

16  Exhibit 1 for identification.

17         (Exhibit 1 marked for identification.)

18         On or about September 13, 2005, the

19  plaintiff, served the Notice of Deposition of Ramzay

20  Group of Companies by its Vice President, Finance,

21  Visily, V-i-s-i-l-y, Koshevoy, K-o-s-h-e-v-o-y.  In

22  response to the Notice of Deposition, among other

23  things, counsel for the defendant supplied a letter

24  dated October 7, 2005 to me.  It was received by

5

1    this office on October 11, 2005.

2         I would ask that the document be marked as

3    Exhibit 2 for identification today.

4         (Exhibit 2 marked for identification.)

5         By the letter dated October 7, 2005 from

6    defendant's counsel, which has been marked as

7    Exhibit 2 for identification today, the defendants

8    acknowledged the defendant's agreement to produce

9    the defendant and its agents in Massachusetts for

10   deposition.  But notwithstanding the agreement the

11   letter from October 7, 2005, statee that Mr. Visily

12   -- excuse me, Mr. Koshevoy -- would not be appearing

13   for his deposition.  I will also represent the

14   letter indicates without substantiation that Mr.

15   Koshevoy is no longer employed by the defendant

16   corporation.

17        Following receipt of the document that's

18   been marked as Exhibit 2 for identification today I

19   contacted opposing counsel, counsel for defendants

20   on or about October 19, 2005.  In fact, I contacted

21   both Attorney Stempler and Attorney Goggins.  I had

22   an opportunity to speak with Attorney Stempler

23   first, during that conversation.  I offered to

24   reschedule the deposition, if that would assist in

Scheduled Depo of Visily Koshevoy

6

1  procuring the deponent's attendance.  Attorney

2  Stempler stated that the rescheduling would not

3  assist in procuring the attendance and gave every

4  indication that such rescheduling would not assist,

5  so he did not accept my offer to reschedule.  I

6  informed opposing counsel that I was going to be

7  going on the record today explaining the

8  circumstances behind Mr. Koshevoy's nonattendance.

9  Opposing counsel did not object.

10          The first counsel who did not object was

11  Attorney Stempler; and Attorney Goggins later, when

12  I spoke with him that day, October 19, 2005, did not

13  object.  Neither counsel for defendant are here nor

14  is -- has Mr. Koshevoy appeared today.  The record

15  is now concluded.

16          (Concluded at 10:12 a.m.)

17

18

19

20

21

22

23

24

7

1                   C E R T I F I C A T E

2

3          I, Lisa M. Domenica, Professional

4   Shorthand Reporter, do hereby certify that the

5   foregoing transcript is a true and accurate record

6   of my stenographic notes taken on Tuesday, October

7   25, 2005.

8

9

10

11          _Lisa M. Domenica_

12                      Lisa M. Domenica

13                  Professional Shorthand

14                        Reporter

15

16

17                        -

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

    Plaintiff,

V.

    CIVIL ACTION NO. 04-12488 WGY

RAMZAY GROUP OF COMPANIES,

    Defendant.

## NOTICE OF DEPOSITION OF RAMZAY GROUP OF COMPANIES, BY ITS VICE PRESIDENT, FINANCE, VISILY KOSHEVOY

To:    John M. Goggins, Esq.
Howard E. Stempler, Esq.
Fisher, Stempler, Fisher & Goggins
47 Harvard Street
Worcester, MA 01609

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.2, 26.5 and 30.1(a), Plaintiff Irving A. Backman, through his attorneys, hereby gives notice of his intention to take the deposition upon oral examination of Ramzay Group of Companies by its Vice President, Finance, Visily Koshevoy.

The deposition will commence on Wednesday, October 26, 2005, at 10:00 a.m., at the offices of Thomas T. Reith, Perkins Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, Massachusetts, before a Notary Public or other officer authorized by law to administer oath. The deposition will continue from day to day until completed.



You are invited to attend and cross-examine.

Respectfully Submitted,

IRVING A. BACKMAN,
By His Attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA 02108-3106
617-854-4000

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail/hand on __9-13-05__

10221-13-DepNotKoshevoy.doc

2

# JOHN M. GOGGINS
ATTORNEY AT LAW
47 HARVARD STREET
WORCESTER, MASSACHUSETTS 01609-2876

Telephone:
(508) 791-3466

Facsimile:
(508) 797-3606

October 7, 2005

Thomas T. Reith, Esquire
Lawrence G. Green, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106



Re:    **Irving A. Backman v. Ramzay Group of Companies**
       **Civil Action No. 04-12488WGY**

## VIA FACSIMILE and FIRST CLASS MAIL

Gentlemen:

Enclosed please find Defendant Ramzay Group of Companies Amended Response to Plaintiff Irving Backman's First and Second Request for Production of Documents. The numbers in each answer correspond with the Bates stamped numbers provided in Defendant's initial response to Plaintiff's request for Production of Documents.

The Defendant's amended response to request for production of documents are subject to the following caveats: (1) Edward Levin was assumed to be an agent of WWG until July 18, 2003 and thereafter was apparently WWG's agent only when referenced as such by his WWG e-mail account; (2) Vasily Bakhar is presumed to be agent of WWG and not RAMZAY; and (3) Ilya Gordeev and Vasily Koshevoy are presumed agents of RAMZAY.

Additionally, because the many documents may have various interpretations, Defendant's responses to specific requests assume that the documents identified are rationally related and potentially relevant to the question which was answered. Gentlemen, we have answered the questions in good faith and to the best of our understanding. Counsel is cognizant that there may have been a potential to misinterpret the relevancy, meaning, and context of a particular document on Counsel's part. If there is any concern as to why a document was identified to a particular question, please do not hesitate to contact us. If our interpretation or understanding of documents, so identified, changes, under our continuing obligations, we will amend our answers.



EXHIBIT
Koshevoy
Ex. 2 10-25-05

Furthermore, due to our inability to maintain communications with our client, we have provided all of the documents that are responsive to the Plaintiff's Request for Production of Documents that are in our care, custody and control, and we have endeavored to the best of our abilities to answer each request in accordance with the Federal Rules of Civil Procedure. For the same reasons, we are unable to complete answers to interrogatories at this time.

With respect to your September 13, 2005 letter, our understanding is that at the April 11, 2005 scheduling conference we indicated that we would agree to have any depositions of our client's agents take place in Massachusetts. It is our understanding that Visily Koshevoy is no longer employed by RAMZAY. And for the above stated reasons, we do not anticipate that either Ilya Gordeev or Visily Koshevoy will be present for the depositions scheduled for October 25, 2005.

Very truly yours,

John M. Goggins
Howard E. Stempler

HES/lb
JMG/lb