UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

      Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

      Defendant

CIVIL ACTION NO. 04-12488 WGY

## PLAINTIFF'S SECOND MOTION FOR SANCTIONS

The Plaintiff, Irving A. Backman ("Backman"), hereby moves pursuant to F.R.C.P. 37 and L.R. 37.1 for sanctions against the Defendant, Ramzay Group of Companies ("Defendant"), for the Defendant's failure and refusal to answer interrogatories pursuant to a court order. As grounds for the present Motion, Backman states as follows:

**General Procedural Background**:

1.      On or about November 24, 2004, Backman filed his Complaint against the Defendant.

2.      On or about February 15, 2005, the Defendant filed its Answer to Complaint and Counterclaim against Backman.

3.      On or about March 9, 2005, Backman filed his Answer to the Defendant's Counterclaim.

4.      On or about August 16, 2005, the Defendant filed its First Amended Answer to Complaint and Counterclaim.

5.      On or about August 30, 2005, Backman filed his Answer to Amended Counterclaim.

**The Discovery At Issue**:

6.      On May 2, 2005, Backman duly served his First Set of Interrogatories to Defendant Ramzay Group of Companies ("Interrogatories") upon the Defendant in accordance with the controlling rules of civil procedure.

7.      The Defendant failed to answer the Interrogatories within the time allowed under those rules.

8.      Even after Backman afforded the Defendant additional time to answer the Interrogatories, the Defendant failed to answer.

9.      Therefore, on or about June 17, 2005, Backman moved to compel the Defendant's answers to the Interrogatories. *See* Exhibit 1 hereto.

10.      On or about July 14, 2005, this Court allowed Backman's motion to compel the answers to the Interrogatories, and provided the Defendant until the close of discovery, November 14, 2005, to answer. *See* Exhibit 2 hereto, (the "Court Order").

11.      On or about October 7, 2005, the Defendant's counsel sent a letter to Backman's counsel, stating, among other things, that the Defendant would not be answering the Interrogatories -- as required by the Court Order. *See* Exhibit 3 hereto.

12.      On or about October 19, 2005, Backman's counsel contacted both co-counsel for the Defendant.

13.      During the discussions between the parties' counsel on or about October 19, 2005, the Defendant's counsel reiterated that the Defendant would not be answering the Interrogatories.

2

14.    The Defendant has not answered the Interrogatories by November 14, 2005, as required by the Court Order.

15.    Nor has the Defendant sought an extension within which to comply with the Court Order.

16.    Instead, the Defendant refuses to comply with the Court Order.

17.    Unfortunately, the Defendant's refusal to comply with the Court Order is but the Defendant's latest discovery offense.   More specifically, the Defendant only produced its response to Backman's document requests, and the corresponding documents, under another previously issued court order.  Worse yet, and as more fully set forth in Backman's November 15, 2004 Amended Motion for Sanctions, the Defendant refuses to appear for its duly noticed deposition(s).

**Discussion**:

18.    The Court must sanction the Defendant for its continued flagrant disregard of the rules of civil procedure and the Court Order.

19.    Federal Rule of Civil procedure 37(d) provides in pertinent part:

> If a party…fails …(2) *to serve answers or objections to interrogatories submitted under Rule 33,* after proper service of the interrogatories…the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule….

> ….In lieu of any order *or in addition thereto*, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure…. (Emphasis added).

3

20.     Subdivision (b)(2) of F.R.C.P. 37 provides in pertinent part:

...the court in which the action is pending may make such orders in regard to the failures as are just, and among others the following:

...(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party....* (Emphasis added).

21.     The Defendant's actions to date, its failure to remedy its violations of the rules and the Court Order, and its expressed intent to continue violating same require the harshest of sanctions.

WHEREFORE, Backman respectfully requests that this Court:

a.     Grant the present Motion;

b.     Enter default against the Defendant;

c.     Dismiss the Defendant's Amended Counterclaim against Backman;

d.     Award Backman his reasonable expenses, including attorneys' fees, caused by having to conduct the record depositions and bring the present Motion; and

e.     Grant such other relief and/or sanction in Backman's favor that this Court deems just.

Respectfully submitted,
IRVING A. BACKMAN,
By his attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: November 15, 2005

4

## F.R.C.P. RULE 37 AND LOCAL RULE 37.1 CERTIFICATE

I, Thomas T. Reith, hereby certify that the provisions of F.R.C.P. Rule 37 and L.R. 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issue in question without this Court's intervention and that it is necessary for the Plaintiff, Irving A. Backman, to file the above Motion. In this regard, I conducted discovery conferences with opposing counsel as more fully set forth in Paragraphs 12-13 above; the conversations concerning the discovery issue in question were shorter than 10 minutes apiece. Longer discussions were unnecessary since the issue at bar is simple -- the Defendant has expressed its intent not to answer interrogatories issued pursuant to the Federal and Local Rules of civil procedure in clear violation of those rules and a court order.

/s/ Thomas T. Reith

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 15th day of November 2005, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

     Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

     Defendant

CIVIL ACTION NO. 04-12488 WGY

### PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

The Plaintiff, Irving A. Backman, hereby moves pursuant to L.R. 33.1 and 37.1 for an issuance of an order to compel the Defendant, Ramzay Group of Companies' ("Defendant") to serve answers to Plaintiff's First Set of Interrogatories, within 10 days of the entry of such order. As grounds for the present motion, Backman states as follows:

1.     On May 2, 2005, Backman served his First Set of Interrogatories to Defendant Ramzay Group of Companies ("Interrogatories") upon Defendant. *See* Exhibit A.

2.     With three days allowed for mailing under Fed.R.Civ.P.6(e), Defendant's answers to the Interrogatories were due on June 6, 2005.[1]

3.     On May 31, 2005, Defendant's counsel contacted Backman's counsel and requested an extension within which to answer the Interrogatories.[2]

4.     On June 2, 2005, Backman's counsel contacted Defendant's counsel concerning the requested extension, and to conduct a L.R. 37.1 discovery conference.   During that

---

[1] Defendant's answers  technically became due June 4, 2005, a Saturday.  By operation of Fed.R.Civ.P. 6(a), however, the answers actually became due the next business day, Monday, June 6, 2005.

[2] Despite agreeing to do so by April 4, 2005 via the parties' Joint L.R. 16.1 Statement, Defendant had not yet produced its initial disclosures as of its May 31, 2005 request for an extension.

conference, Backman's counsel informed Defendant's counsel, among other things, that: a) Backman agreed to a one-week extension, until June 13, 2005, within which Defendant was to answer the Interrogatories; and b) should Defendant wish more time to respond, it would have to move for leave of court to extend its discovery response period, or face a motion to compel.[3]

     5.    As a result of the discovery conference, Defendant's counsel agreed to produce Defendant's answers to the Interrogatories by June 13, 2005.[4] *See* Exhibit B.

     6.    To date, Defendant has failed to provide any answers, or to move for leave of court to extend its discovery response period.

     WHEREFORE, Backman respectfully requests that this Court grant his Motion to Compel Answers to Interrogatories.

Respectfully submitted,
IRVING A. BACKMAN,
By his attorneys,


/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: June 17, 2005

---

[3] Although not specifically relevant to this motion, Plaintiff's counsel also required that Defendant produce its initial disclosures by June 3, 2005 and its response to document requests by June 13, 2005.

## LOCAL RULE 37.1 CERTIFICATE

I, Thomas T. Reith, hereby certify that the provisions of L.R. 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issue in question and that it is necessary for the Plaintiff, Irving A. Backman, to file his Motion to Compel Answers to Interrogatories. In this regard, I conducted a discovery conference as more fully set forth in Paragraphs 3-5 above, and that the conversations concerning the discovery issue in question were shorter than 10 minutes apiece; longer discussions were unnecessary since the issue at bar is simple -- Defendant must provide a proper discovery response, agreed to do so, yet failed to do so.

/s/ Thomas T. Reith

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 17th day of June 2005, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

---

[4] Also as a result of the discovery conference, Defendant's counsel agreed to produce the Defendant's initial disclosures by June 3, 2005 and its response to document requests by June 13, 2005.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

     Plaintiff

V.

    CIVIL ACTION NO. 04-12488 WGY

RAMZAY GROUP OF COMPANIES,

     Defendant

## PLAINTIFF IRVING A. BACKMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT RAMZAY GROUP OF COMPANIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Irving A. Backman hereby requests that Defendant Ramzay Group of Companies serve their answers to the below Interrogatories within thirty (30) days of the date of service of this document.

### Definitions

The following definitions apply to this document request:

1.    The terms "document" and "documents" are used herein in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean any and all tangible things and documents, whether handwritten, typed, printed, or otherwise produced, including but not limited to, blueprints, drawings, letters, cables, wires, memoranda, inter-office communications, e-mail, reports, notes, recordings, photographs, contracts, agreements, other official documents and legal instruments, notebooks, vouchers, ledgers, bills, books, financial records, checks, receipts, files, drafts, claims, manuals, investigations and studies, and any machine-readable records whether punched, carded, taped, or coded electronically, electromagnetically or otherwise, including copies or reproductions of any of the foregoing items upon which written notations have been made which do not appear on the originals.

2.    "Communication" is used in the broadest sense contemplated by the Federal Rules of Civil Procedure and includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, opinions, or thoughts) regardless of form, sender, or recipient.

3.    The term "concerning" means referring to, describing, evidencing or constituting.

4.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5.    The term "person" means any natural person, partnership, corporation trust, or other form of legal entity.

6.    The term "Backman" shall refer to Plaintiff Irving A. Backman.

7.    The term "Levin" shall refer to Edward Levin.

8.    The term "Ramzay " shall refer to:

   a.    Ramzay Group of Companies;

   b.    any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

   c.    the present and former directors, officers, agents, employees, and attorneys of the foregoing.

9.    The term "WWG" shall refer to:

   a.    Water Works Global, Inc.;

   b.    any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

   c.    the present and former directors, officers, agents, employees, and attorneys of the foregoing.

10.    The term "Complaint" shall refer to the Complaint filed by Backman in the above-captioned action on or about November 24, 2004.

11.    The term "Answer" shall refer to the Answer to the Complaint filed by Ramzay in the above-captioned action on or about February 15, 2005.

## Instructions

1.    Whenever a date, amount, or other computation or figure is requested, the exact
      date, amount or other computation or figure should be given or the best estimate
      thereof; and the answer shall state that date, amount or other computation or
      figures is an estimate or approximation.

2.    The term "identify" with respect to documents, means to give, to the extent
      known, the:
      a.    type of document
      b.    general subject matter;
      c.    date of the document; and
      d.    author(s), addressee(s), and recipient(s).

3.    The term "identify" (with respect to persons) means to give, to the extent known,
      the person's full name, present or last known address, and when referring to a
      natural person, the present or last known place of employment.  Once a person has
      been identified in accordance with this instruction, only the name of that person
      need be listed in response to subsequent discovery requesting the identification of
      that person.

4.    When an interrogatory calls upon you to "state the basis" of or for a particular
      claim, claim, assertion, allegation, or defense, in accordance with Local Rule
      26.5, you shall:

      a.    identify each and every document (and, where pertinent, the section,
            article, or subparagraph thereof), which forms any part of the source of the
            party's information regarding the alleged facts or legal conclusions
            referred to by the interrogatory;

      b.    identify each and every communication which forms any part of the
            source of the party's information regarding the alleged facts or legal
            conclusions referred to by the interrogatory;

      c.    state separately the acts or omissions to act on the part of any person
            (identifying the acts or omissions to act by stating their nature, time, and
            place and identifying the persons involved) which form any part of the
            party's information regarding the alleged facts or legal conclusions
            referred to in the interrogatory; and

      d.    state separately any other fact which forms the basis of the party's
            information regarding the alleged facts or conclusions referred to in the
            interrogatory.

5.    In accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure, please
      seasonably supplement your answers to these interrogatories if you learn that in
      some material respect the information disclosed is incomplete or incorrect, and if

3

the additional or corrective information has not otherwise been made known to Backman during the discovery process or in writing.

6.    If you claim that any pertinent information, document or thing responsive to any interrogatory herein is privileged, please provide, in your response to this request for documents, the following information with respect to such information, document or thing:

    a.    the nature of the privilege claimed;
    b.    the identity of the client and/or attorney claiming privilege;
    c.    the general nature of the document;
    d.    the date of the information, document or thing;
    e.    the location of the information, document or thing;
    f.    the author of the information, document or thing;
    g.    to the extent not privileged, the substance of the information, document or thing.

## Relevant Time Period

Unless otherwise indicated, the relevant time period to which these interrogatories refer is January 1, 2000 to the present.

## Interrogatories

## INTERROGATORY NO. 1

State the name, address, and title of each person answering these interrogatories and/or participating or assisting in preparing the answers.

## INTERROGATORY NO. 2

Identify each person whom the Defendants expect to call as a witness at trial, and set forth for each the subject matter upon which each witness is expected to testify.

## INTERROGATORY NO. 3

Identify each person whom the Defendants expect to call as an expert witness at trial, and set forth for each the subject matter upon which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion.

## INTERROGATORY NO. 4

State the basis for Ramzay's denial of the allegations of paragraph 15 of Backman's Complaint.

## INTERROGATORY NO. 5

State the basis for Ramzay's denial of the allegations of paragraph 16 of Backman's Complaint.

## INTERROGATORY NO. 6

State the basis for Ramzay's denial of the allegations of paragraph 17 of Backman's Complaint.

## INTERROGATORY NO. 7

State the basis for Ramzay's denial of the allegations of paragraph 18 of Backman's Complaint.

## INTERROGATORY NO. 8

State the basis for Ramzay's denial of the allegations of paragraph 19 of Backman's Complaint.

## INTERROGATORY NO. 9

State the basis for Ramzay's denial of the allegations of paragraph 20 of Backman's Complaint.

## INTERROGATORY NO. 10

State the basis for Ramzay's denial of the allegations of paragraph 21 of Backman's Complaint.

## INTERROGATORY NO. 11

State the basis for Ramzay's denial of the allegations of paragraph 23 of Backman's Complaint.

## INTERROGATORY NO. 12

State the basis for Ramzay's Second Affirmative Defense.

**INTERROGATORY NO. 13**

State the basis for Ramzay's Third Affirmative Defense.

**INTERROGATORY NO. 14**

State the basis for Ramzay's Fourth Affirmative Defense.

**INTERROGATORY NO. 15**

State the basis for Ramzay's Fifth Affirmative Defense.

**INTERROGATORY NO. 16**

State the basis for Ramzay's Sixth Affirmative Defense.

**INTERROGATORY NO. 17**

State the basis for paragraph 12 of Ramzay's Counterclaim.

**INTERROGATORY NO. 18**

State the basis for paragraph 13 of Ramzay's Counterclaim.

**INTERROGATORY NO. 19**

State the basis for paragraph 15 of Ramzay's Counterclaim.

**INTERROGATORY NO. 20**

State the basis for paragraph 17 of Ramzay's Counterclaim.

**INTERROGATORY NO. 21**

State the basis for paragraph 18 of Ramzay's Counterclaim.

**INTERROGATORY NO. 22**

State the basis for paragraph 19 of Ramzay's Counterclaim, providing in detail any and all elements and calculations of Ramzay's damage claim.

Dated: May 2, 2005

IRVING A. BACKMAN,
By his attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO#648671
PERKINS SMITH & COHEN LLP
One Beacon St., 30th Floor
Boston, MA 02108-3106
617-854-4000

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail/in hand on ____ 5-2-05

.

**EXHIBIT B**

# FISHER, STEMPLER, FISHER & GOGGINS

COUNSELORS AT LAW

47 HARVARD STREET

WORCESTER, MASSACHUSETTS 01609-2876

CONRAD W. FISHER
HOWARD E. STEMPLER
ELIZABETH A. FISHER
JOHN M. GOGGINS

TELEPHONE: (508) 791-3466
(508) 754-6464
FACSIMILE: (508) 797-3606

June 2, 2005

Thomas T. Reith, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

**Re:  Irving A. Backman v. Ramzay Group of Companies
Civil Action No. 04-12488WGY**

Dear Attorney Reith:

This letter will confirm that you have extended the time for filing the discovery in this matter to June 13, 2005 and this letter will also confirm that the Automatic Disclosures will be sent to you on Friday June 3, 2005.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Howard E. Stempler

HES/lb
cc:  John Goggins, Esquire
Sent via facsimile



"Each Attorney in this office is an independent practitioner who is not responsible for the practice or the liability of any other attorney in the office."

**EXHIBIT 2**



From:        ECFnotice@mad.uscourts.gov

             CourtCopy@mad.uscourts.gov

Subject:     Activity in Case 1:04-cv-12488-WGY Backman v. Ramzay Group of Companies "Ord...

Bcc:         Thomas Reith

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bell, Marie entered on 7/14/2005 at 12:24 PM EDT and filed on 7/14/2005

**Case Name:**  Backman v. Ramzay Group of Companies
   **ase Number:**            1:04-cv-12488
**Filer:**
**Document Number:**

**Docket Text:**
Judge William G. Young : Electronic ORDER entered granting [12] Motion to Compel Answer to Interrogatories. MOTION ALLOWED, SAVE THAT THE ANSWERS ARE DUE AT THE CLOSE OF THE DISCOVERY PERIOD. THE DEFENDANTS ARE THEREAFTER PRECLUDED FROM SUPPLEMENTATION. cc/cl. (Bell, Marie)

The following document(s) are associated with this transaction:

**1:04-cv-12488 Notice will be electronically mailed to:**

John M. Goggins &nbsp &nbsp AttorneyGoggins@yahoo.com

  awrence G. Green &nbsp &nbsp lgreen@pscboston.com

Thomas T. Reith , III &nbsp &nbsp treith@pscboston.com, amackay@pscboston.com

Howard E. Stempler &nbsp &nbsp hstempler@aol.com

**1:04-cv-12488 Notice will not be electronically mailed to:**

**EXHIBIT 3**

# JOHN M. GOGGINS
## ATTORNEY AT LAW
### 47 HARVARD STREET
### WORCESTER, MASSACHUSETTS 01609-2876

Telephone:
(508) 791-3466

Facsimile:
(508) 797-3606

October 7, 2005

Thomas T. Reith, Esquire
Lawrence G. Green, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

**Re:    Irving A. Backman v. Ramzay Group of Companies
Civil Action No. 04-12488WGY**



**VIA FACSIMILE and FIRST CLASS MAIL**

Gentlemen:

Enclosed please find Defendant Ramzay Group of Companies Amended Response to Plaintiff Irving Backman's First and Second Request for Production of Documents. The numbers in each answer correspond with the Bates stamped numbers provided in Defendant's initial response to Plaintiff's request for Production of Documents.

The Defendant's amended response to request for production of documents are subject to the following caveats: (1) Edward Levin was assumed to be an agent of WWG until July 18, 2003 and thereafter was apparently WWG's agent only when referenced as such by his WWG e-mail account; (2) Vasily Bakhar is presumed to be agent of WWG and not RAMZAY; and (3) Ilya Gordeev and Vasily Koshevoy are presumed agents of RAMZAY.

Additionally, because the many documents may have various interpretations, Defendant's responses to specific requests assume that the documents identified are rationally related and potentially relevant to the question which was answered. Gentlemen, we have answered the questions in good faith and to the best of our understanding. Counsel is cognizant that there may have been a potential to misinterpret the relevancy, meaning, and context of a particular document on Counsel's part. If there is any concern as to why a document was identified to a particular question, please do not hesitate to contact us. If our interpretation or understanding of documents, so identified, changes, under our continuing obligations, we will amend our answers.



Furthermore, due to our inability to maintain communications with our client, we have provided all of the documents that are responsive to the Plaintiff's Request for Production of Documents that are in our care, custody and control, and we have endeavored to the best of our abilities to answer each request in accordance with the Federal Rules of Civil Procedure. For the same reasons, we are unable to complete answers to interrogatories at this time.

With respect to your September 13, 2005 letter, our understanding is that at the April 11, 2005 scheduling conference we indicated that we would agree to have any depositions of our client's agents take place in Massachusetts. It is our understanding that Visily Koshevoy is no longer employed by RAMZAY. And for the above stated reasons, we do not anticipate that either Ilya Gordeev or Visily Koshevoy will be present for the depositions scheduled for October 25, 2005.

Very truly yours,

John M. Goggins
Howard E. Stempler

HES/lb
JMG/lb