UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRVING A. BACKMAN,<br><br>    Plaintiff<br><br>V.<br><br>RAMZAY GROUP OF COMPANIES,<br><br>    Defendant | CIVIL ACTION NO. 04-12488 WGY |

**PLAINTIFF'S REQUEST FOR DEFAULT OF THE DEFENDANT**

NOW COMES the Plaintiff, Irving A. Backman ("Backman"), and, pursuant to F.R.C.P. 55(a) and L.R. 83.5.2(d), requests that this Court enter default against the Defendant, Ramzay Group of Companies (the "Defendant"), for its failure to appear represented by counsel. In support hereof, Backman states as follows:

1.    Ramzay is a duly organized legal entity having a principal place of business in Moscow, Russia.

2.    On or about December 5, 2005, Ramzay's former counsel, Attorney John M. Goggins and Howard E. Stempler, moved for a second time for leave to withdraw their appearance. See Exhibit 1 hereto.

3.    On or about December 19, 2005, this Court entered an order (the "December 2005 Order") granting Attorney Goggins' and Stempler's motion, "provided that the name, address, phone number and other contact information are provided for the defendant." See Exhibit 2 hereto.

4.      On or about December 20, 2005, Attorneys Goggins and Stempler provided Backman's counsel with the information identified in December 2005 Order.  See Exhibit 3 hereto.

5.      No new counsel have appeared on behalf of the Defendant, since December 20, 2005.

6.      F.R.C.P. Rule 55(a) states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made clear by affidavit or otherwise, the clerk shall enter the party's default.

7.      In turn, Local Rule 83.5.2(d) states in pertinent part:

> The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney.

8.      Indeed, legal entities such as the Defendant must be represented by counsel.  See Piscitello v. Hobart Corp., 799 F.Supp. 224, 225 (D. Mass. 1992).

9.      Without such representation, and for its resulting violation of L.R. 83.5.2(d), the Defendant is subject to default.  See Hobart, at 225.

WHEREFORE, Backman respectfully requests that this Court enter default against the Defendant.

Respectfully submitted,
IRVING A. BACKMAN,
By his attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
BURNS & LEVINSON LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: January 18, 2006

**CERTIFICATE OF SERVICE**

    I, Thomas T. Reith, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies and electronic copies will be sent to those indicated as non registered participants on January 18, 2006.

                                       /s/ Thomas T. Reith