UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

    Plaintiff

V.                                                                    CIVIL ACTION NO. 04-12488 WGY

RAMZAY GROUP OF COMPANIES,

    Defendant

**PLAINTIFF'S REQUEST FOR EXTENSION OF TIME WITHIN WHICH TO FILE HIS REQUEST FOR DEFAULT JUDGMENT AS TO THE DEFENDANT**

    The Plaintiff, Irving A. Backman ("Backman"), hereby requests that this Court grant him an extension of time within which to file his request for Default Judgment as to the Defendant, Ramzay Group of Companies (the "Defendant").  As reasons therefor, Backman states:

    1.    Because the Defendant remains unrepresented by counsel in violation of the Local Rules, Backman applied for default pursuant to Fed. R. Civ. P. 55(a) and L.R. 83.5.2.(d).  On or about January 24, 2006, default was duly entered by this Court.

    2.    As will be more fully set forth in Backman's forthcoming default judgment papers (which will include Mr. Backman's affidavit), Backman is entitled to recover substantial sums under the agreement at bar, which include but are not limited to certain out-of-pocket and/or expectancy damages.

    3.    Prior to submitting his request for default judgment papers, Backman needs to assemble certain damages documentation.  Backman is near to completing this task.  Thereafter, Backman intends to file his request for default judgment papers immediately.

4.     Backman requires two weeks from the date of filing this motion to complete the document assembly and to file and serve his request for default judgment papers.

5.     The Defendant will not be prejudiced by the granting of this motion. Indeed, the Defendant has been defaulted because it has not engaged itself per the Local Rules in the present civil action.

6.     Judicial economy will not be offended by the granting of this motion, as the Defendant's default has eliminated the need for trial in this matter.[1] All that remains is the filing for, entry of, and execution upon default judgment.

7.     Backman, however, will be prejudiced if the present motion is not allowed, as he will be unable to recover under Fed.R.Civ.P. Rule 55(b) that which he is entitled to because of the Defendant's breaches of the governing agreement.

WHEREFORE, Backman, requests that this Court grant him until the close of business Monday, April 10, 2006 to file and serve his request for default judgment as to the Defendant.

Respectfully submitted,

IRVING A. BACKMAN,
By his attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
BURNS & LEVINSON LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: March 27, 2006

10221-13Reqext.doc

---

[1] Counsel for Backman spoke with Courtroom Clerk Smith concerning the need for additional time to file the request for judgment papers. (It was at the clerk's suggestion that counsel filed the present request.) During one of the discussions between counsel and the clerk, Clerk Smith confirmed the trial would not go forward due to the default.