UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRVING A. BACKMAN,

    Plaintiff

V.

RAMZAY GROUP OF COMPANIES,

    Defendant

CIVIL ACTION NO. 04-12488 WGY

## PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AS TO THE DEFENDANT

The Plaintiff, Irving A. Backman ("Backman"), requests that Default Judgment be entered against the Defendant, Ramzay Group of Companies (the "Defendant"), pursuant to Fed. R. Civ. P. 55(b)(1). As reasons therefor, Backman states:

1.    The Defendant is a duly organized legal entity having a principal place of business in Moscow, Russia.

2.    On or about December 5, 2005, the Defendant's former counsel, Attorney John M. Goggins and Howard E. Stempler, moved for a second time for leave to withdraw their appearance. See Exhibit 1 hereto.

3.    On or about December 19, 2005, this Court entered an order (the "December 2005 Order") granting Attorney Goggins' and Stempler's motion, "provided that name, address, phone number and other contact information are provided for the defendant." See Exhibit 2 hereto.

4.    On or about December 20, 2005, Attorneys Goggins and Stempler provided Backman's counsel with the information identified in December 2005 Order. See Exhibit 3 hereto.

5. No new counsel have appeared on behalf of the Defendant, since December 20, 2005.

6. Fed. R. Civ. P. 55(a) states in pertinent part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

7. In turn, L.R. 83.5.2(d) states in pertinent part:

The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney.

8. Legal entities such as the Defendant must be represented by counsel. See Piscitello v. Hobart Corp., 799 F.Supp. 224, 225 (D. Mass. 1992).

9. Without such representation, and for its resulting violation of L.R. 83.5.2(d), the Defendant is subject to default judgment. See Hobart Corp., at 225.

10. Because no new counsel has appeared on behalf of the Defendant, and the Defendant remains unrepresented in violation of the Local Rules, Backman applied for default pursuant to Fed. R. Civ. P. 55(a) and L.R. 83.5.2.(d). On or about January 24, 2006, default was duly entered by this Court.

11. As set forth in Paragraph 14 of the Affidavit of Irving A. Backman, submitted herewith, the Defendant owes Backman under the governing agreement a sum certain totaling $901,186.76.

12. As set forth in Paragraph 15 of the Affidavit of Irving A. Backman, the Defendant owes Backman $303,983.91 in interest.

13. The Defendant also owes Backman $500.00 in connection with this Court's December 19, 2005 Order granting Plaintiff's Second Motion for Sanctions. See Exhibit 4.

14. As set forth in the Affidavit in Support of Plaintiff's Request for Default Judgment, the Defendant is not an infant or incompetent person.

15. Pursuant to Fed. R. Civ. P. 55(b)(1), when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

WHEREFORE, Backman, requests that the Clerk of this Court enter Default Judgment against the Defendant in the full amount and sum certain of $901,186.76, plus $303,983.91 in interest, plus $500.00 in sanctions, and plus the costs to be calculated by the Clerk. Appended hereto as Exhibit 5 is Backman's proposed order as to default judgment.

Respectfully submitted,

IRVING A. BACKMAN,
By his attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
BURNS & LEVINSON LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: April 10, 2006

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I, Thomas T. Reith, hereby further certify that paper copies of this document have been sent via international mail, return receipt requested, and electronic copies of this document have been emailed to those indicated as non-registered participants on April 10, 2006.

/s/ Thomas T. Reith

# EXHIBIT 1

UNITED STATES DISTRICT COURT

| | |
|---|---|
| EASTERN DIVISION | DISTRICT OF MASSACHUSETTS |
| | DOCKET NO.: 04-12488WGY |

IRVING BACKMAN, )
     Plaintiff )
)
v. )
)
RAMZAY GROUP OF COMPANIES, )
     Defendant )

COPY

### RENEWED MOTION FOR LEAVE TO WITHDRAW APPEARANCE

     The undersigned hereby request this Court grant their request for leave to withdraw as counsel of record for Defendant, Ramzay Group of Companies. In support of this motion, the undersigned maintain that the irreconcilable conflicts which were present when counsel first filed this motion, are ongoing between counsel and client in this matter.

     In the event this Court believes a hearing on this matter is necessary, the undersigned request the opportunity to submit information in *camera* in support of this Motion. See Mass.R.Prof.Con. Rule 1.6, Comments 18 and 19, and Matter of an Attorney, 14 Mass. Atty.Disc.Rpt. 804.

Respectfully Submitted,

| | |
|---|---|
| John M. Goggins, Esquire | Howard E. Stempler, Esquire |
| 46 Wachusett Street | 22 Elm Street Suite 310 |
| Worcester, MA  01609 | Worcester, MA  01608 |
| (508) 798-2288 | (508) 459-5927 |
| BBO#631254 | BBO#547197 |

Dated:  December 5, 2005

# EXHIBIT 2



Tuesday, December 20, 2005 9:29:55 AM
Message

From: Thomas Reith
ECFnotice@mad.uscourts.gov

To: Barbara Haskell

Subject: Fwd: Activity in Case 1:04-cv-12488-WGY Backman v. Ramzay Group of Companies...

**FILE COPY**

---

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## United States District Court

## District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Smith, Bonnie entered on 12/19/2005 at 10:55 AM EST and filed on 12/19/2005

**Case Name:** Backman v. Ramzay Group of Companies
**Case Number:** 1:04-cv-12488
**Filer:**
**Document Number:**

**Docket Text:**
Judge William G. Young : Electronic ORDER entered granting [20] Motion to Withdraw as Attorney "provided that name, address, phone number and other contact information are provided for the defendant." cc/cl (Smith, Bonnie)

The following document(s) are associated with this transaction:

**1:04-cv-12488 Notice will be electronically mailed to:**

John M. Goggins &nbsp &nbsp AttorneyGoggins@yahoo.com

Lawrence G. Green &nbsp &nbsp lgreen@pscboston.com, mdianno@pscboston.com

Thomas T. Reith , III &nbsp &nbsp treith@pscboston.com, amackay@pscboston.com

Howard E. Stempler &nbsp &nbsp hstempler@aol.com

**1:04-cv-12488 Notice will not be electronically mailed to:**

Printed by: Barbara Haskell

# EXHIBIT 3

# HOWARD E. STEMPLER
COUNSELOR AT LAW
TWO CHESTNUT PLACE
22 ELM STREET SUITE 310
WORCESTER, MA 01609

FACSIMILE
(508) 459-4588

TELEPHONE
(508) 754-6464
(508) 459-5927

December 20, 2005

Thomas Reith, Esquire
Perkins Smith Cohen, LLP
1 Beacon Street
Boston, MA  02108

RE:  Backman v. Ramzay Group of Companies
Docket No:  CV-12488

Dear Attorney Reith:

I received via email yesterday, a notice from the Court indicating that our Motion to Withdraw was allowed "provided that name, address, phone number and other contact information are provided for the Plaintiff". The following is all of the contact information we have concerning Ramzay Group of Companies:

Ramzay Group of Companies
Michajlovskij Proezd d.1
Moscow 109029 Russian Federation
Contact person:  Vasily Koshevoy
Email:  koshevoy_vasily@yahoo.co.uk

Contact Person:  Ilya Gordeev
Email:  gordeev@ramzay.ru

Contact person:  Edward Levin
(508) 366-8474
Email:  Edward@translatecorrect.com

If I can be of any further assistance to you, please feel free to contact me.

Very truly yours,

Howard E. Stempler

HES/lb
cc:  John M. Goggins, Esquire
     Lawrence Green, Esquire


RECEIVED DEC 2 1 2005 By...

# EXHIBIT 4



Tuesday, December 20, 2005 9:28:42 AM
Message

From:  Thomas Reith
       ECFnotice@mad.uscourts.gov

To:    Barbara Haskell

Subject:  Fwd: Activity in Case 1:04-cv-12488-WGY Backman v. Ramzay Group of Companies...

**COPY**

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Smith, Bonnie entered on 12/19/2005 at 3:46 PM EST and filed on 12/19/2005

**Case Name:**  Backman v. Ramzay Group of Companies
**Case Number:**       1:04-cv-12488
**Filer:**
**Document Number:**

**Docket Text:**
Judge William G. Young : Electronic ORDER entered granting [19] Plaintiff's Second Motion for Sanctions. A monetary sanction of $500 is ordered. cc/cl (Smith, Bonnie)

The following document(s) are associated with this transaction:

**1:04-cv-12488 Notice will be electronically mailed to:**

John M. Goggins &nbsp &nbsp AttorneyGoggins@yahoo.com

Lawrence G. Green &nbsp &nbsp lgreen@pscboston.com, mdianno@pscboston.com

Thomas T. Reith , III &nbsp &nbsp treith@pscboston.com, amackay@pscboston.com

Howard E. Stempler &nbsp &nbsp hstempler@aol.com

**1:04-cv-12488 Notice will not be electronically mailed to:**

Printed by: Barbara Haskell

# EXHIBIT 5

Appendix A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

~~Irving A. Backman~~
**Plaintiff(s)**

v.   CIVIL ACTION NO. 04-12488WGY

Ramzay Group of Companies
**Defendant(s)**

### FORM OF
### DEFAULT JUDGMENT

_____Young_____, D.J.

Defendant Ramzay Group of Companies having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $ 901,186.76 that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $ 250.00 (for filing fee).

It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant Ramzay Group of Companies the principal amount of $901,186.76 *, with costs in the amount of $ 250.00 and prejudgment interest at the rate of 12 % from July 18, 2003 to April 10, 2006 in the amount of $ 303,983.91* for a total judgment of $ 1,205,920.60 with interest as provided by law.

By the Court,

Dated: April 10, 2006

_____
**Deputy Clerk**

NOTE: The post judgment interest rate effective this date is ____%. (To be determined by Clerk)
* plus $500.00 for sanctions due and owing.

3